UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMANDA DECKER,<br><br>   Plaintiff,<br><br>v.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT, LLC,<br><br>   Defendant. | Case No: 1:17-cv-04152<br><br>Honorable Judge Manish S. Shah |

**UNOPPOSED MOTION TO VACATE THE EXPERT DISCOVERY DEADLINES**

**NOW COMES** Amanda Decker ("Plaintiff"), by and through the undersigned counsel, moving this Court for an order vacating the expert discovery deadlines set on March 12, 2018, and in support thereof, stating the following:

1. On May 31, 2017, Plaintiff filed this action against defendant Receivables Performance Management, LLC ("RPM") alleging violations of the Telephone Consumer Protection Act ('TCPA"), violations of the Fair Debt Collection Practices Act ("FDCPA"), and for violations of the Illinois Consumer Fraud Act. [Dkt. 1]

2. On January 11, 2018, the Court extended the deadline to complete fact discovery to February 16, 2018. [Dkt. 22]

3. On February 6, 2018, Plaintiff's deposition was completed with no incident.

4. On February 14, 2018, RPM's telephonic deposition commenced, with RPM's counsel, Sean Flynn ("Flynn"), appearing from Irvine, California, the undersigned appearing from Lombard, Illinois, and RPM's designated witness ("witness") appearing from Lynnwood, Washington.

1

5. About 2 hours after the deposition commenced, a discovery dispute arose and the deposition was suspended.

6. On February 16, 2018, Plaintiff filed a Motion to Compel and to extend the discovery deadline ("Plaintiff's Motion"). [Dkt. 26]

7. On March 12, 2018, this Honorable Court entered an Order granting and denying Plaintiff's Motion. *Id.* The Order, in pertinent part, extended discovery to allow Plaintiff to complete RPM deposition. The Order further stated that "the parties shall meet and confer, and complete the deposition promptly." *Id.*

8. Moreover, the Order set the following expert deadlines: (1) Plaintiff's expert report and disclosures due by April 16, 2018; (2) RPM's expert disclosures and rebuttal report due by May 7, 2018; and (3) expert deposition to be completed by June 6, 2018. *Id.*

9. On March 14, 2018, the undersigned sent an email to RPM's counsel requesting that RPM provide 3 available dates to complete the deposition.

10. On March 15, 2018, the undersigned and RPM's counsel had a phone conversation in which RPM's counsel indicated that he had reached out to his client regarding its availability for the completion of the deposition, but has not heard back yet.

11. On March 26, 2018, having not heard a response from RPM, the undersigned sent another email to RPM's counsel, inquiring on RPM's availability to complete the deposition.

12. On March 28, 2018, RPM's counsel responded to the email and stated that "[s]ince RPM's witness is the CFO, he is not available until after tax season. Thus, his first available dates are May 1-4." RPM's counsel also unilaterally identified that Plaintiff likely would want to continue the Scheduling Order dates because of the April 16 expert disclosure deadline and offered to agree to such a request to the Court.

13. On April 3, 2018, Plaintiff's counsel requested that RPM produce a witness in the next 21 days.

14. On April 3, 2018, RPM's counsel reiterated that RPM cannot produce a witness in the next 21 days due to "tax season," and repeated it would not oppose a request to extend the expert discovery deadlines.

15. Given RPM's unavailability, it is Plaintiff's position she cannot possibly submit an expert report without the opportunity to complete her examination of RPM's outbound dialing system, which is germane to Plaintiff's TCPA claim. Specifically, Plaintiff's expert report will rely heavily on RPM's testimony on its outbound dialing system, which has yet to be provided by RPM.

16. Accordingly, Plaintiff respectfully requests that the Court vacate the expert discovery deadlines set on March 12, 2018 and set new expert discovery deadlines at the May 10, 2018 status hearing.

17. The parties are currently working to coordinate the completion of RPM's deposition and anticipate on finalizing the date in short order.

18. Plaintiff's counsel contacted RPM's counsel regarding the relief sought herein and RPM has no objection.

**WHEREFORE**, Plaintiff Amanda Decker respectfully requests this Court to vacate the expert discovery deadlines set in the Court's March 12, 2018 Order and to reset the expert discovery deadlines at the May 10, 2018 status hearing, and provide any further relief this Court deems just and proper.

Dated: April 11, 2017  Respectfully Submitted,

/s/ Mohammed O. Badwan
Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone: (630) 575-8180
mbadwan@sulaimanlaw.com