UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMANDA DECKER, *an individual*<br><br>Plaintiff,<br><br>vs.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT, LLC, *a Washington Corporation*<br><br>Defendant. | Case No. 1:17-cv-04152<br><br>Honorable Judge Manish S. Shah |

**DEFENDANT'S REPLY IN SUPPORT OF ITS BILL OF COSTS**

Defendant, Receivables Performance Management, LLC ("RPM"), by and through its counsel of records, submits this Reply in Support of Its Bill of Costs.

**I.   INTRODUCTION:**

Plaintiff's Response to Defendant's Bill of Costs [Dkt. # 57] fails to establish any reason to deny RPM any of its requested Costs [Dkt. # 52] in this matter. RPM should be awarded all of its requested costs because: 1) it is the prevailing party in this matter; 2) Plaintiff does not object to any of the requested Costs; and 3) Plaintiff has an ability to pay the requested Costs.

**II.   BACKGROUND:**

Plaintiff filed her lawsuit on May 31, 2017. Dkt. # 1. On June 30, 2017, *prior to filing a responsive pleading*, RPM provided Plaintiff with a recent Court Order that held the LiveVox HCI telephone system used by RPM (the very same system at issue in this case), *was not* an Automatic Telephone Dialing System as defined in the TCPA, and thus granted Summary Judgment in RPM's favor. *Declaration of Sean P. Flynn* ("Flynn Decl."), ¶¶ 10-14. Despite this, Plaintiff continued her pursuit of this case.

On January 11, 2018, in response to yet another detailed conversation regarding the merits of the TCPA claim, Plaintiff's Counsel stated "as I promised you from our initial conversation a couple of months ago, this case *will be litigated all the way*." *Flynn Decl.*, ¶¶ 15-

19. (emphasis added). On April 30, 2018, RPM filed its Motion for Summary Judgment. Dkt. # 35. On July 16, 2018, Plaintiff abandoned her TCPA and ICFA claims. Dkt. # 39.

On March 11, 2019, the Court dismissed, with prejudice, Plaintiff's TCPA and ICFA claims. Dkt. # 42. Furthermore, the Court granted Summary Judgment in favor of RPM on the Section 1692g FDCPA claim. *Id*. Moreover, the Court stated "'[w]here the dismissal is with prejudice, … , nothing in the language of Rule 41 suggests that the prevailing defendant should not enjoy the normal benefits of a final judgment in its favor,' such as the awarding of costs under Federal Rule of Civil Procedure 54(d)." *Id*. at. 6.

### III.    ARGUMENT:

"Federal Rule of Civil Procedure 54(d)(1) provides that '[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.'" Fed.R.Civ.P. 54(d)(1); *see also*, *Richardson v. City of Chicago*, 740 F.3d 1099, 1102 (7th Cir. 2014) ("Rule 54 entitles prevailing parties to recover their costs.") While Rule 54(d)(1) "creates a presumption in favor of awarding costs to the prevailing party," *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 666 (7th Cir. 2014), it also gives "the district judge discretion to decide whether an award of costs is appropriate." *Chesemore v. Fenkell*, 829 F.3d 803, 816 (7th Cir. 2016). *See also U.S. Neurosurgical*, 572 F.3d at 333; *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

Here, RPM is the prevailing party, and Plaintiff has failed to establish any reason why the Court should not award RPM all of its requested Costs.

### A.    Plaintiff Does Not Argue the Costs Are Not Recoverable.

First, Plaintiff does not contest that any of the items listed in RPM's Bill of Costs, nor the amounts thereof, are not properly recoverable by way of a Bill of Costs.

Thus, the only issue is whether RPM is the "prevailing party."

### B.    RPM Is The "Prevailing Party" In This Matter.

"[U]nder Rule 54(d) the 'prevailing party' is the party who prevails 'as to the substantial part of the litigation.'" *Best Medium Publishing Company, Inc. v. National Insider, Inc.*, 385

F.2d 384, 386 (7th Cir.), *cert. denied*, 390 U.S. 955 (1967); and *Smart v. Local 702 IBEW*, 573 F.3d 523, 525 (7th Cir. 2009). A "party gets substantial relief [when] it 'prevails' even if it doesn't win on every claim." *First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1014 (7th Cir. 1985).

"[A] determination of who is the prevailing party for purposes of awarding costs should not depend on the position of the parties at each stage of the litigation but should be made when the controversy is finally decided." *The Medicines Co. v. Mylan Inc.*, No. 11-cv-1285, 2017 U.S. Dist. LEXIS 179107, at *7 (N.D. Ill. Oct. 30, 2017). "Under Rule 54(d), 'where there is a dismissal of an action, even where such dismissal is voluntary and *without prejudice*, the defendant is the prevailing party.'" *First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1015 (7th Cir. 1985) (holding the defendant was the prevailing party on six out of the seven claims asserted.) (emphasis added.)

Here, Plaintiff asserted four claims: 1) TCPA; 2) ICFA; 3) section 1692g of the FDCPA; and 4) section 1692d of the FDCPA. Plaintiff dismissed the TCPA and ICFA claims, *with prejudice*, and RPM was granted Summary Judgment on the section 1692g claim.

Thus, measuring who was the "prevailing party" in this lawsuit, RPM prevailed on the first three out of four claims – or 75% of the claims. Measured another way, the damage exposure for the ICFA and FDCPA claims was $1,000. [Dkt. # 57, p. 3.] The damage exposure for TCPA claim was up to $1,500 times the number of calls. Here, there were 297 calls [Dkt. # 42, p. 3], which yields a possible exposure of $445,500. Thus, the total exposure in this case was $446,500. Therefore, the accepted Offer of Judgment of $2,501 was only 0.56% of the total exposure.

Either way, it should be axiomatic that prevailing on 75% of the claims asserted, or over 99.4% of the claimed damages, results in RPM being the "prevailing party."

### 1. Plaintiff Does Have the Ability to Pay.

Plaintiff's Counsel makes the bald assertion that his client does not have the ability to pay any portion of the requested Costs. "The burden of proving financial hardship falls on the

3

objecting party, who must provide the court with sufficient documentation such as affidavits, statements of assets and income, and a schedule of expenses." *Rossi v. City of Chicago*, 790 F.3d 729, 738 (7th Cir. 2015) (citing to, *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006). Plaintiff Counsel's sole argument is his client has been unable to work since 2012. Plaintiff, however, failed to provide her own declaration; and there is no evidence of net worth, income or expenses. As such, Plaintiff has failed to meet her burden.

Additionally, Plaintiff Counsel's argument ignores the $2,501 Offer of Judgment. RPM only seeks $2,240.79, which leaves a difference of $260.21. Thus, even if Plaintiff had provided any evidence of financial hardship, which she didn't, she still has an ability to pay RPM's Costs.

## IV. **CONCLUSION:**

As set forth above, RPM is the "prevailing party" in this litigation. Plaintiff does not contest the amount of any of the requested Costs, and Plaintiff has failed to meet her burden relative to arguing she has a financial hardship and therefore an inability to pay and Costs award. As such, RPM requests it be awarded the entire $2,240.79 requested in its Bill of Costs; alternatively, RPM requests the Court modify the amount of the Judgment to be paid to Plaintiff down to $260.21.

Dated: October 22, 2019                     Respectfully submitted,

By: */s/ Sean P Flynn*
Sean P. Flynn
Gordon & Rees, LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612
Tel: (949) 255-6958
sflynn@gordonrees.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

> By: */s/ Sean P. Flynn*
> GORDON & REES LLP
> Sean P. Flynn (#)
> One North Franklin, Suite 800
> Chicago, Illinois 60606
> Phone: (312) 619-4903
> Fax: (312) 565-6511
> sflynn@gordonrees.com
> *Attorneys for Defendant*