**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

AMANDA DECKER,

    Plaintiff,

v.

RECEIVABLES PERFORMANCE
MANAGEMENT, LLC,

    Defendant.

Case No: 1:17-cv-04152

Honorable Judge Manish S. Shah

**PLAINTIFF'S PETITION FOR ATTORNEY'S FEES  PURSUANT TO 15 U.S.C.**
**§1692k(a)(3)**

**NOW COMES** Plaintiff, Amanda Decker ("Plaintiff"), by and through her undersigned

counsel, petitioning this Honorable Court for her attorney's fees pursuant to 15 U.S.C.

§1692k(a)(3), and in support thereof, stating as follows:

**BACKGROUND**

On May 31, 2017, Plaintiff filed this action against Receivables Performance Management,

LLC ("RPM") alleging violations of the Telephone Consumer Protection Act ('TCPA"), the Fair

Debt Collection Practices Act ("FDCPA"), and the Illinois Consumer Fraud and Deceptive Practices

Act ("ICFA"). [Dkt. 1]. All of Plaintiff's claims arise from RPM's conduct in attempting to collect a

debt owed by Plaintiff. *Id.* On April 30, 2018, RPM filed a Motion for Summary Judgment ("RPM's

Motion"). RPM's Motion sought judgment in its favor with respect to all of Plaintiff's claims. In her

response to RPM's Motion, Plaintiff sought a voluntarily dismissal of her TCPA and ICFA claims.

[Dkt. 39, pg. 1].

On March 11, 2019, the Court issued its ruling on RPM's Motion. [Dkt. 42]. In its ruling, the

Court granted Plaintiff's request to dismiss her TCPA and ICFA claims. [Dkt. 42, pgs. 5-6].

1

Moreover, the Court denied RPM's Motion with respect to Plaintiff's FDCPA §1692d(5) claim and granted RPM's Motion with respect to Plaintiff's §1692g claim. [Dkt. 42, pgs. 10-16].

On May 21, 2019, RPM submitted an offer of judgment to Plaintiff in the amount of $2,501.00 pursuant to Fed. R. Civ. P. 68(a). [Dkt. 48]. On June 3, 2019, Plaintiff accepted RPM's offer of judgment. [Dkt. 48]. The Court's ruling on RPM's Motion and Plaintiff's acceptance of RPM's offer of judgment resolved all of Plaintiff's claims. Accordingly, on July 24, 2019, the Court entered a final judgment ("Judgment"). [Dkt. 50-51]. The Judgment provided, in relevant part:

> "Judgment in favor of defendant and against plaintiff on Counts 1 [TCPA], 3 [ICFA], and Count 2 [FDCPA] insofar as that count is premised upon a violation of 15 U.S.C. §1692g; and judgment in favor of plaintiff and against defendant on Count 2 insofar as that count is premised upon a violation of 15 U.S.C. §1692d, in the amount of $2,501." *Id.*

## ARGUMENT

### A. Plaintiff is Entitled to Her Attorney's Fees Pursuant to 15 U.S.C. §1692k(a)(3) and the Accepted Offer of Judgment

The FDCPA is a consumer protection statute designed to "eliminate abusive debt collection practices by debt collectors." *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636, 639 (7th Cir. 2014). Congress expressly found that "there is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." *Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.*, 1999 WL 284788, at *3 (N.D. Ill. 1999) *citing* 15 U.S.C. §1692(a). "Plaintiffs who prevail under the Fair Debt Collection Practices Act are entitled to an award of costs and reasonable attorney's fees." *Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 856 (7th Cir. 2009). "In order to encourage able counsel to undertake FDCPA cases, as congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases." *Tolentino v. Friedman*, 46 F.3d 645, 652 (7th Cir.

1995). Accordingly, the statutory language of the FDCPA makes an award of attorney's fees to the prevailing party *mandatory* because "congress chose a 'private attorney general' approach to assume the enforcement of the FDCPA." *Id.* (emphasis added). "Paying counsel in FDCPA cases at rates lower than those they can obtain in the marketplace is inconsistent with the congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law." *Id.* at 653.

The maximum amount of statutory damages that an FDCPA plaintiff can recover is $1,000. 15 U.S.C. §1692k(a)(2)(A). "Unlike most private tort litigants, a plaintiff who brings an FDCPA action seeks to vindicate important rights that cannot be valued solely in monetary terms, and congress has determined that the public as a whole has an interest in the vindication of the statutory rights." *Tolentino*, 46 F.3d at 652. The "degree of success obtained" is the most important consideration when the court determines what is a reasonable fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983); *see also Tolentino*, 46 F.3d at 652 (the most critical factor in determining the reasonableness of a fee award is the degree of success obtained). A plaintiff that obtains a judgment in his favor under the FDCPA has obtained a high degree of success. *Tolentino*, 46 F.3d at 653.

Here, there is no question that Plaintiff is the prevailing party with respect to Plaintiff's FDCPA §1692d(5) claim. As demonstrated by the Judgment entered in this case, Plaintiff was awarded $2,501 with respect to her FDCPA §1692d(5) claim, which is approximately 2.5 times the maximum statutory damages ($1,000) allowed under the FDCPA. *See* 15 U.S.C. §1692k(a)(2)(A). Accordingly, Plaintiff achieved a high level of success and is clearly the prevailing party. As a result, an award of reasonable attorney's fees is *mandatory* in this case. *See Tolentino*, 46 F.3d at 651-52 (7th Cir. 1995) (attorney's fees to a prevailing plaintiff are mandatory under the FDCPA) (emphasis added).

Assuming, *arguendo,* that the Court finds that Plaintiff did not achieve a high level of success and was not the prevailing party under §1692(k)(a)(3) of the FDCPA, Plaintiff would still be

entitled to her attorney's fees pursuant to the express language of the Rule 68 offer of judgment that she accepted on June 3, 2019. [Dkt. 48]. Specifically, the offer of judgment stated that RPM is "allowing judgment to be taken against it in this action in the amount of $2,501 in damages, **plus reasonable Attorney Fees and Costs as agreed to by the Parties in this Action, or as determined by the Court**." [Dkt. 48]. As demonstrated by the face of the offer of judgment, Plaintiff is entitled to her reasonable attorney's fees by agreement of the parties. Simply put, RPM is bound by the terms of the accepted offer of judgment. *See Webb v. James,* 147 F.3d 617, 620 (7th Cir. 1998) (noting that courts use contract principles to interpret offers of judgment). Accordingly, Plaintiff is entitled to her attorney's fees pursuant to §1692k(a)(3) and the terms of the accepted offer of judgment.

### B. Plaintiff is Entitled to Her Reasonable Attorney's Fees Calculated Through the Lodestar Method

"In calculating reasonable attorneys' fees, the district court should first determine the lodestar amount by multiplying the reasonable number of hours worked by the market rate." *Bankston v. Illinois*, 60 F.3d 1249, 1255 (7th Cir. 1995). "The reasonable hourly rate used in calculating the lodestar figure should be based on the appropriate market rate for the attorney's work." *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 518 (7th Cir. 1993). "The market rate is the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." *Id.* at 519. "The burden of proving the market rate is on the party seeking the fee award." *Gautreaux v. Chi. Hous. Auth.,* 491 F.3d 649, 659 (7th Cir. 2007). "However, once an attorney provides evidence establishing his market rate, the opposing party has the burden of demonstrating why a lower rate should be awarded." *Id.* at 659-60.

"There are several factors that a court should consider when calculating attorney's fees, including (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due

to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the plaintiff's attorney; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Tolentino,* 46 F.3d at 652 *citing Hensley,* 461 U.S. at 441. Moreover, if an attorney ordinarily works on a contingent-fee basis, a court "should look to the next best evidence -- the rate charged by lawyers in the community of 'reasonably comparable skill, experience, and reputation.'" *People Who Care v. Rockford Bd. of Educ.,* 90 F.3d 1307, 1310 (7th Cir. 1996).

Plaintiff is seeking her attorney's fees pursuant to the lodestar method in the amount of **$54,420.00** for **136.8 hours** expended by her counsel in prosecuting this case through judgment and litigating the instant fee petition.[1] *See* attached Exhibits 1 and 2 and supporting documents. Two members of Plaintiff's counsel's firm rendered legal services in this case, Mohammed Badwan and Marwan Daher. Mohammed Badwan's hourly rate of $425.00 is reasonable as that amount is consistent with (1) his billing rate for non-contingent cases; (2) fees previously approved for Mohammed Badwan by Courts in this District for consumer litigation; and (3) other attorneys' rates in this District for similar work. *See* Exhibits 1-2. Similarly, Marwan Daher's hourly rate of $275.00 is reasonable as that amount is consistent with other attorneys' hourly rate with comparable skill and experience. *See* Exhibit 1-2.

### C. Disputed Issues Between the Parties

The parties completed all the procedures set forth in Local Rule 54.3. Pursuant to Local Rule

---

[1] Plaintiff's attorney's fees continue to accrue. The fees sought herein are for work rendered from the inception of the case through the completion of the Local Rule 54.3 Joint Statement. Plaintiff intends on filing a supplemental fee petition for work rendered after the parties completed the Local Rule 54.3 Joint Statement, including work rendered for the instant petition and RPM's anticipated fee petition. *See Ustrak v. Fairman,* 851 F.2d 983. 988 (7th Cir. 1988) (time spent preparing a fee petition is compensable as long as the time spent is not disproportionate to the time spent on the merits of the case).

54.3(f), the instant Motion and supporting memorandum will be limited to the disputed issues. *See* Local Rule 54.3(f). Here, the parties are in complete dispute with respect to the amount of attorney's fees that Plaintiff is entitled to. *See* Exhibit 3, Local Rule 54.3 Joint Statement. As set forth above, Plaintiff contends that she is entitled to her attorney's fees calculated through the lodestar method. On the other hand, RPM contends that (1) the attorney's fees awarded to Plaintiff should be limited to "whatever the contingency fee amount is from Plaintiff's recovery" of $2,501; and (2) the lodestar should be adjusted downward. *See* attached Exhibit 3, pgs. 1-3. As demonstrated by RPM's position in the Local Rule 54.3 Joint Statement, RPM is needlessly creating a second major litigation. *See Hensley,* 461 U.S. at 437 ("A request for attorney's fees should not result in a second major litigation.") Plaintiff will address each of RPM's challenges in turn.

### i. Plaintiff's Fee Agreement is Wholly Irrelevant to the Amount of Attorney's Fees Plaintiff is Entitled To

RPM contends that Plaintiff's recovery of attorney's fees should be limited to "whatever the contingency fee amount is from Plaintiff's recovery." *See* Exhibit 3, pgs. 2. Specifically, RPM contends that Plaintiff's attorney's fees should be limited to a portion of the $2,501 judgment that Plaintiff obtained against RPM. Unfortunately for RPM, Plaintiff is seeking her reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) and the accepted offer of judgment and not pursuant to the terms set forth in her fee agreement with her counsel. In other words, Plaintiff is not seeking attorney's fees in the amount prescribed in her agreement with her counsel. Instead, Plaintiff is seeking her attorney's fees in an amount that the Court will deem reasonable pursuant to 15 U.S.C. §1692k(a)(3) and the accepted offer of judgment. Simply put, the fee agreement between Plaintiff and her counsel is wholly immaterial to the attorney's fees that the Court will find to be reasonable under the circumstances.

Importantly, limiting attorney's fees to a percentage of plaintiff's recovery would frustrate

Congress' goal to encourage able counsel to undertake FDCPA cases as many violations of the FDCPA violations are statutory in nature with a $1,000 cap. *See Tolentino*, 46 F.3d at 651-52 (in order to encourage able counsel to undertake FDCPA cases, Congress has made an award of reasonable attorney's fees mandatory.) As a result of the relatively small damages available to FDCPA plaintiffs, no counsel would ever undertake an FDCPA case if fees were limited to a percentage of a plaintiff's nominal recovery. Accordingly, RPM's contention that Plaintiff's attorney's fees should be limited to a portion of the ultimate recovery must be rejected as it flies in the face of Congress' intent and the spirit of the FDCPA.

Moreover, RPM's contention that Plaintiff's recovery should be limited to a portion of the ultimate recovery is inconsistent with the express language of the accepted offer of judgment. Specifically, the accepted offer of judgment expressly states that Plaintiff would be entitled to her reasonable attorney's fees "as agreed to by the Parties in this Action, or as determined by the Court," not as determined by the fee agreement between Plaintiff and her counsel. [Dkt. 48]. As a result, RPM is bound by the terms of the accepted offer of judgment, which expressly entitles Plaintiff to her reasonable attorney's fees as determined *by the Court*, not her fee agreement with her counsel. Accordingly, RPM's contention that Plaintiff's attorney's fees should be limited to a portion of the ultimate recovery is woefully baseless and must be rejected.

### ii. The Lodestar Should Not Be Adjusted Downward

RPM next contends that the lodestar should be adjusted downward because (1) Plaintiff's counsel pursued the TCPA and ICFA claims in bad faith; (2) Plaintiff's counsel pursued the TCPA and ICFA claims in [sic] vexatiously; (3) RPM prevailed on 75% of the claims in the case; (4) Plaintiff's counsel engaged in bad faith settlement discussions from the very outset of the case in an effort force an exorbitant fee request or force an early unjustifiable windfall settlement; (5) Plaintiff

7

still has failed to establish Article III standing; (6) the recovery obtained was far short of the damages claimed in light of these settlement demands; (7) the hourly rate requested is unreasonable; (8) the amount of work done on specific tasks is unreasonable; (9) certain of the time entries lack evidentiary support that the work was done as represented; and (10) Defendant currently lacks the financial ability to pay the amount of fees Plaintiff's Counsel is requesting. *See* Exhibit 3, pg. 2-3. Plaintiff will address each contention in turn.

### 1. Plaintiff's Counsel Pursued the TCPA and ICFA Claims in Bad Faith

RPM contends that the lodestar should be adjusted downward because Plaintiff's counsel pursued the TCPA and ICFA claims in bad faith. *See* Exhibit 3, pg. 2. However, RPM does not provide any facts or evidence to support its bald contention. Plaintiff anticipates that RPM will provide more details in its response brief, and thus Plaintiff will address RPM's contentions in her reply brief.

### 2. Plaintiff's Counsel Pursued the TCPA and ICFA Claims Vexatiously

RPM argues that the lodestar should be adjusted downward because Plaintiff's counsel pursued the TCPA and ICFA claims vexatioulsy. *See* Exhibit 3, pg. 2. Again, RPM does not provide any facts or evidence to support its bald contention that Plaintiff pursued the TCPA and ICFA claims vexatiously. Plaintiff anticipates that RPM will provide more details in its response brief, and thus Plaintiff will address RPM's contentions in her reply brief.

### 3. Defendant Prevailed on 75% of Plaintiff's Claims

RPM contends that that the lodestar should be adjusted downward because RPM prevailed on 75% of Plaintiff's claims. Unfortunately for RPM, the Supreme Court has rejected the very same contention RPM advances here and held that "where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because" he did not

prevail on all claims. *Hensley,* 461 U.S. at 440. The Supreme Court elaborated that "[t]he mere fact that plaintiffs do not prevail on every claim does not preclude an award of fees for all work reasonably performed," especially where "various claims are essentially part and parcel of a single attempt to establish and vindicate the plaintiffs' rights." *Id.* at 452-53. Moreover, the Seventh Circuit "has repeatedly rejected the contention that a district court should look to the percentage of the plaintiff's initial demand actually recovered through settlement or judgment and then mechanically reduce the attorney's fee award by a proportionate amount." *Connolly v. National Sch. Bus Serv.,* 177 F.3d 593, 597 (7th Cir. 1999); *see also Hescott v. City of Saginaw*, 757 F.3d 518, 526 (6th Cir. 2014) ("We have repeatedly rejected mechanical reductions in fees based on the number of issues on which a plaintiff has prevailed."); *Green Party of Tenn. v. Hargett*, 767 F.3d 533, 553 (6th Cir. 2014) ("In no case should a court reduce a full fee award 'simply by using a ratio of successful claims to claims raised.'")

Here, there is no question that all of Plaintiff's claims were related (arising from unlawful debt collection activity) and that Plaintiff won substantial relief. Specifically, Plaintiff obtained a judgment in her favor and against RPM in the amount of $2,501, which is a little more than 2.5 times the maximum statutory damages ($1,000) allowed under the FDCPA. As the Seventh Circuit has held, a plaintiff prevailing on judgment under the FDCPA has obtained a high degree of success and is entitled to attorney's fees under §1692k(a)(3). *Tolentino*, 46 F.3d at 653. Moreover, the Seventh Circuit has also held that "the award of attorney's fees to plaintiffs for a debt collector's violation of '**any provision**' of the FDCPA is mandatory." *Zagorski v. Midwest Billing Servs.*, 128 F.3d 1164, 1166 (7th Cir. 1997) (emphasis added) *citing Toteltino,* 46 F.3d at 651. Similarly, other district courts have found that plaintiffs in FDCPA cases that prevailed on their FDCPA claims and lost on other claims are still entitled to their attorney's fees under §1692k(a)(3). *See Whatley v. Creditwatch Servs.,* 2014 U.S. Dist. LEXIS 42990, at *11, *23-26 (E.D. Tex. 2014) (rejecting debt collector's

contention that plaintiff's attorney's fees should be reduced based on the fact that plaintiff did not prevail on all his claims). Accordingly, the fact that Plaintiff did not prevail on all her claims is not a basis to adjust the lodestar downward.

### 4. Plaintiff's Counsel Engaged in Bad Faith Settlement Discussions from the Very Outset of the Case

RPM brazenly contends that the lodestar should be adjusted downward because Plaintiff's counsel engaged in bad faith settlement discussion from the very outset of the case. Again, RPM does not provide any facts or details to support its bald contention, presumably because it was RPM that refused to make any good faith offers to settle this case from the onset. Specifically, RPM's best offer to settle Plaintiff's claims prior to summary judgment briefing was less than $5,000. *Id.* at ¶21. Moreover, even after Plaintiff accepted the offer of judgment after the Court's ruling on RPM's Motion for Summary Judgment, RPM offered a meager $5,000 to settle Plaintiff's attorney's fees. *See* Exhibit 1, ¶22. To date, RPM's best formal offer to settle Plaintiff's attorney's fees has been $10,000. *Id* at ¶23. Simply put, this is not a case in which a defendant made a substantial offer to a plaintiff, which plaintiff rejected and ultimately recovered less. *See Moriarty v. Svec.,* 233 F.3d 955, 967 (7th Cir. 2000) (holding that substantial offers should be considered in determining reasonable attorney's fees). Notably, the fact that Plaintiff accepted RPM's $2,501 offer of judgment demonstrates Plaintiff's reasonableness and good faith. Accordingly, any contention that Plaintiff or Plaintiff's counsel engaged in bad faith settlement discussions is without merit and must be rejected.

### 5. Plaintiff Has Failed to Establish Article III Standing

RPM contends that Plaintiff has failed to establish Article III standing and thus the lodestar should be adjusted downward. *See* Exhibit 3, pgs. 2-3. RPM's reckless contention is without merit as the Court explicitly found that Plaintiff has standing in the its ruling on RPM's Motion for Summary Judgment. [Dkt. 42, pgs. 6-10].

### 6.   The Recovery Obtained Was Far Short of the Damages Claimed

RPM next contends that the lodestar should be adjusted downward because Plaintiff's recovery was far short of the damages claimed in her settlement demands. RPM's contention must be rejected because Plaintiff's recovery of $2,501 does not include the attorney's fees she is still entitled to under §1692k(a)(3) and the accepted offer of judgment. Moreover, as set forth above, the Seventh Circuit "has repeatedly rejected the contention that a district court should look to the percentage of the plaintiff's initial demand actually recovered through settlement or judgment and then mechanically reduce the attorney's fee award by a proportionate amount." *Connolly,* 177 F.3d at 597.

Furthermore, courts in this District have recognized that "the vindication of public rights like those established by the FDCPA and other consumer-law statutes is not appropriately viewed simply in dollar terms." *Portalatin v. Blatt,* 2017 U.S. Dist. LEXIS 176979, at *11-12 (N.D. Ill. 2017) (awarding plaintiff $69,393.75 in attorney's fees for a $200 FDCPA judgment in plaintiff's favor) *citing City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986) and *Zagorsk.,* 128 F.3d at 1167 (7th Cir. 1997); *see also Kasalo v. Trident Asset Mgmt*., *LLC*, 2015 U.S. Dist. LEXIS 57776, at *14 (N.D. Ill. 2015) (awarding over $100,000 in attorney's fees in an FDCPA case based on a $1,000 recovery). As the *Portalatin* court highlighted, consumer-law litigation "serves an important public purpose of cabining unfair activities by debt collectors, a purpose recognized by Congress in the express findings it made when it adopted the FDCPA." *Portalatin,* 2017 U.S. Dist. LEXIS 176979, at *11-12. Accordingly, RPM's contention that Plaintiff's "short" recovery of $2,501 warrants a reduction in the lodestar is without merit and must be rejected.

### 7.   The Hourly Rates Requested are Unreasonable

RPM contends that the lodestar should be adjusted downward because Plaintiff's counsel's hourly rates are unreasonable. *See* Exhibit 3, pg. 3. Again, RPM does not provide any details as to

why the sought hourly rates are unreasonable nor does it state what the hourly rates should be. As set forth in Exhibits 1 and 2, the hourly rates sought by Plaintiff's counsel are patently reasonable.

### 8. The Amount of Work Done on Specific Tasks is Unreasonable

RPM baldly contends that the amount of work done on specific tasks is unreasonable. Again, RPM does not provide any details to support its naked contention that the amount of work done on specific tasks is unreasonable. Notably, RPM is not directly challenging the total number of hours Plaintiff's counsel expended litigating the entire case, presumably because its counsel expended 185 hours, compared to 136.8 hours for Plaintiff's counsel. *See* Exhibit 3, pgs. 1, 3. Accordingly, RPM's challenge on the amount of work expended by Plaintiff's counsel falls flat.

### 9. Certain Time Entries Lack Evidentiary Support that the Work was Done as Represented

RPM argues that Plaintiff's counsel's time entries lack evidentiary support that the work was actually done. *See* Exhibit 3, pg. 3. However, RPM does not specify which time entries it is challenging. Accordingly, RPM's contention is without any support and must be rejected.

### 10. Defendant Currently Lacks the Financial Ability to Pay the Amount of Fees Plaintiff's Counsel's is Requesting.

RPM argues that it is not in a financial position to pay the fees that Plaintiff is requesting. RPM again does not submit any evidence to support its contention. In any event, a defendant's ability to pay is not a factor that courts consider in awarding reasonable attorney's fees. Specifically, a court considers the following factors when calculating fees: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of plaintiff's attorney; (10) the undesirability of the case; and (11) fee awards in similar cases. *Tolentino*, 46 F.3d

at 652. Accordingly, RPM's ability to pay is wholly immaterial to the Court's consideration of reasonable attorney's fees.

### IV. RPM Has Itself to Blame for the Position It Finds Itself In

As set forth above, Plaintiff's requested attorney's fees are reasonable. Plaintiff's counsel expended 48.2 fewer hours litigating this case than RPM's counsel (136.8 hours compared to 185). *See* Exhibit 3, pgs. 1, 3. That standing alone demonstrates the reasonableness of Plaintiff's attorney's fees. This case was fiercely defended by RPM from the onset. RPM now has to face the consequences of its decision to defend this case aggressively through summary judgment and then changing course and submitting to a judgment on the brink of trial. RPM could have offered judgment or made a good faith settlement offer at any point in this litigation. However, it chose not to and forced Plaintiff to prosecute her case through summary judgment. Simply put, it would be "incongruous to allow [RPM] to litigate the case to the hilt and then successfully argue that plaintiff should have prosecuted [the case] more cheaply." *Kasalo,* 2015 U.S. Dist. LEXIS 57776, at \*14; *see also Barrow v. Falck*, 977 F.2d 1100, 1103-04 (7th Cir. 1992) (once a defendant contests a case vigorously, it cannot complain of the fees incurred by opposing counsel); *City of Riverside*, 477 U.S. at 580, n.11 (1986) (party cannot litigate tenaciously and then complain about the time spent by opposing counsel in response to the vigorous litigation). Accordingly, RPM created the undesirable position it finds itself in and must face the consequences of its actions.

### CONCLUSION

Plaintiff, as the prevailing party in this litigation, is entitled to her reasonable attorney's fees pursuant to §1692k(a)(3) of the FDCPA and the accepted offer of judgment. Accordingly, the Court should award Plaintiff her reasonable attorney's fees in the amount of **$54,420.00** and grant Plaintiff leave to file a supplemental fee petition upon completion of the fee petition litigation.

Dated: November 5, 2019                                 Respectfully Submitted,


                                                        /s/ Mohammed O. Badwan
                                                        Mohammed O. Badwan, Esq.
                                                        *Counsel for Plaintiff*
                                                        Sulaiman Law Group, Ltd.
                                                        2500 S. Highland Ave., Ste. 200
                                                        Lombard, IL 60148
                                                        Phone (630)575-8180
                                                        mbadwan@sulaimanlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I, Mohammed O. Badwan, certify that on November 5, 2019, I caused the foregoing **Plaintiff's Petition for Attorney's Fees** to be served upon counsel of record through operation of the Court's Case Management/Electronic Case File (CM/ECF) system.

<u>/s/ Mohammed O. Badwan</u>