# Exhibit 1

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AMANDA DECKER, | |
| Plaintiff, | Case No: 1:17-cv-04152 |
| v. | |
| RECEIVABLES PERFORMANCE MANAGEMENT, LLC, | Honorable Judge Manish S. Shah |
| Defendant. | |

## <u>DECLARATION OF MOHAMMED O. BADWAN</u>

I, Mohammed O. Badwan, declare under penalty of perjury, that the following is true and accurate to the best of my knowledge:

1.  I am over the age of 21, under no legal disability, and I have personal knowledge of the facts set forth in this Declaration.

2.  I served as Plaintiff's lead counsel in this case.

3.  I graduated from the University of Illinois Urbana-Champaign in 2006 with a degree in Liberal Arts and Sciences (Psychology).

4.  I obtained a law degree from Southern Illinois University School of Law in 2009.

5.  I have been admitted to the practice of law since 2009.

6.  I am a member of good standing of the following Courts:

    •  The United States Court of Appeals for the Seventh Circuit
    •  The United States District Court for the Northern, Central, and Southern Districts of Illinois
    •  The United States District Court for the Northern and Southern Districts of Indiana
    •  The United States District Court for the Eastern and Western Districts of Wisconsin

-1-

- The United States District Court for the Northern, Eastern, Western, and Southern Districts of Texas
- The United States District Court of Colorado
- The United States District Court for the Northern District of Ohio
- The United States District Court for the Eastern and Western Districts of Michigan
- The United States Bankruptcy Court for the Northern District of Illinois
- State Courts of Illinois

7.     I have substantial experience in representing consumers in individual cases and class actions brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), Fair Credit Reporting Act ("FCRA"), Telephone Consumer Protection Act ("TCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA").

8.    I have represented over 800 consumers in consumer litigation cases filed in Illinois and other jurisdictions. I have also represented over 800 consumers on a non-contingency basis in bankruptcy cases (Chapters 7, 13 and 11) filed in the Bankruptcy Court for the Northern District of Illinois.

9.    The current rate that I bill per hour in FDCPA cases is $450.00, which is justified by my experience, skill, the nature and complexity of the cases I handle, and the relative risk involved in consumer cases.

10.   The rate that I billed per hour in this case is $425.00, which is justified by my experience, skill, the nature and complexity of the case, and the relative risk involved in a contingency representation. *See* Exhibit 1-A attached hereto.

11.   The rate that I bill in non-contingency cases is $425.00, which has been approved by Courts in this District. *See e.g. In re Rensi*, 15-bk-33948 (Bankr. N.D. Ill. 2015) [Dkt. 12, 25]; *In re Giron*, 15-bk-07521 (Bankr. N.D. Ill. 2015) [Dkt. 134, 139]; *In re Boone*, 13-bk-49125 (Bankr. N.D. Ill. 2013) [Dkt. 12, 24];*see also* Group Exhibit 1-B attached hereto.

12.  My most recent approved hourly rate in a FDCPA case was for $375.00 in 2017. *See* Exhibit 1-C attached hereto.

13.  The hourly rate of $425.00 that I billed in this case is consistent with that charged by attorneys practicing consumer law, as reported in the *United States Consumer Law Attorney Fee Survey Report 2015-2016, ps. 27-29, 223-224,* said Report being available online at https://www.nclc.org/images/pdf/litigation/tools/atty-fee-survey-2015-2016.pdf.

14.  Courts using the *US Consumer Law Attorney Fee Survey Report* when deciding fee disputes in Consumer Law cases include the following: *Decker v. Transworld Systems, Inc*., 2009 WL 2916819 (N.D. Ill. 2009) (finding results in the  United States Consumer Law Attorney Fee Survey Report to be supported by the Laffey Matrix); *Vahidy v. Transworld Systems, Inc.*, 2009 WL 2916825 (N.D. Ill. 2009) (finding results in the 2007 United States Consumer Law Attorney Fee Survey Report to be supported by the Laffey Matrix).

15.  My hourly rate is further supported by the fact that I have prevailed in obtaining settlement or judgment on behalf of my clients in over 90% of the cases that I have filed on behalf of my clients.

16.  My experience in consumer litigation has led to numerous speaking engagements, including speaking appearances at the annual convention for the National Association of Consumer Bankruptcy Attorneys ("NACBA"), the American Conference Institute, the American Bankruptcy Institute ("ABI"), the Conference on Consumer Finance Law, and Max Gardner's Bankruptcy Litigation Model Bootcamp.

17.  I have been annually recognized by Thomson Reuters as an Illinois Super Lawyer Rising Star from 2013 through the present.

18.  I expended **112.0 hours** litigating this case from inception through preparation of the Local Rule 54.3 Joint Statement. *See* Exhibit 1-D attached hereto.

19.  The lodestar fee amount for the work I expended is **$47,600.00** (112 hours x $425.00).

20.  I completely performed the services reflected in Exhibit 1-D. The services performed were both reasonable and necessary for a zealous representation of my client, especially in light of RPM's vigorous defense in this litigation.

21.  RPM's best offer to settle Plaintiff's claims prior to the Court's ruling on RPM's Motion for Summary Judgment was less than $5,000.

22.  RPM's first offer to settle Plaintiff's attorney's fees after Plaintiff accepted the offer of judgment was $5,000, tendered on June 28, 2019.

23.  RPM's best offer to date to settle Plaintiff's attorney's fees has been $10,000, which was tendered on September 27, 2019.

24.  On numerous occasions during the litigation, Plaintiff made demands to RPM and RPM responded with "no counter."

25.  The time spent performing the services was reasonable in light of the circumstances presented in this litigation.

26.  I have reviewed the time sheets for Marwan Daher and find the hours he expended in this case to be reasonable and necessary.

27.  I am familiar with hourly rates of attorneys in this District that perform FDCPA work.

28.  Marwan Daher's hourly rate of $275.00 is reasonable and consistent with his experience and skill level.

29.  The requested attorney's fees are reasonable and the work rendered was necessary for an effective legal representation.

Pursuant to 28 U.S.C. § 1746(2), I, Mohammed O. Badwan, hereby declare under penalty of perjury that the foregoing is true and correct.


Dated: November 5, 2019                                              Respectfully Submitted,


                                                                     s/ *Mohammed O. Badwan*

# Exhibit 1-A

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AMANDA DECKER, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| | ) | Civil Action No.17cv04152 |
| v. | ) | |
| | ) | Judge Manish S. Shah |
| RECEIVABLES PERFORMANCE | ) | |
| MANAGEMENT, LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

## <u>DECLARATION OF MARIO KRIS KASALO</u>

I, Mario Kris Kasalo, being first duly sworn on oath, deposes and states as follows:

1.    That I am an attorney who focuses on consumer protection litigation in this District and Circuit.

2.    That the information in this Declaration is true to the best of my knowledge.

3.    That I have been admitted to the practice of law since August 31, 2007.

4.    That I am admitted to practice within the State Courts of Illinois, the United States District Court for the Northern District of Illinois (General and Trial Bar), the United States District Court for the Southern District of Illinois, the United States District Court for the Central District of Illinois, the United States District Court  for the  Eastern District of Michigan, Southern Division, The United States District Court for the Southern District of Indiana, The United States District Court for the Northern District of Oklahoma, and The United States Court of Appeals, 7th Circuit, and the United States Court of Appeals, 8th Circuit. I am also licensed to practice as a patent agent before the United States Patent and Trademark Office.

5.    That I have substantial experience in litigation under the provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq ("FDCPA"), which is the main focus of my practice.

6.    That I have filed and resolved over 320 FDCPA cases in federal district courts in Illinois, Indiana,  Michigan, and Oklahoma including both individual and class actions.

7.    That my current hourly rate for FDCPA cases is $425, which has been my hourly rate since January 1, 2019.

8.    My previous hourly rate for FDCPA litigation was $400.00, which was my hourly rate between November 1, 2015 and December 31, 2018, and which has been approved by Judges in this District for work done in FDCPA cases such as this one.

9.    The $25.00 increase in my hourly rate, beginning on December 31, 2018, was justified by my increased experience, and success and reputation in litigating these types of cases, since I last raised my hourly rate on November 1, 2015. See *Nevins v. Med-1 Sols., LLC*, No. 1:18-cv-763-JMS-MPB, 2018 U.S. Dist. LEXIS 180579, at *7 (S.D. Ind. Oct. 22, 2018).

10.    My hourly rate is further supported by the fact that I have prevailed in obtaining settlement or judgment on behalf of my clients in over 96% of the cases that I have filed in the Northern District of Illinois, that have to date settled or been resolved.

11.    I was/am counsel in the following FDCPA cases filed as class actions:

*Kalish v Transworld Systems, Inc*. Case No.  12-cv-8614, (N.D.IL) (settled as to class, certified)

*Woodward v Miramed Revenue Group*, LLC Case No. 12-cv-4073 (N.D.IL)

*Abrams v Miramed Revenue Group*, LLC Case No. 13-cv-00797-TWP-DML (S.D.IN)

*Wohadlo v The CBE Group, Inc.* Case No. 13-cv-7229 (N.D.IL)

*Murphy v Midland*, 14-cv-8780 Case No. (N.D.IL)

*Belkadi v. Portfolio Recovery Associates, LLC*, Case No.14-cv-4965 (N.D.IL)

*Lill v. Kovitz Shifrin Nesbit*, Case No. 14-cv-2647 (N.D.IL) (settled as to class, certified)

*Wingate v. Resurgence Capital, LLC, et al* Case No. 14-cv-7753, (N.D.IL) (settled as to class, certified).

*Cruz v Frontline, et al,* Case No. 15cv9282 (N.D. IL) (settled as to class, certified).

*Jane Bishop Lillegard v. Unifund CCR, LLC et al*, Case No, 16-cv-8075 (J. Lee, N.D. IL) (settled as to class, certified).

12.      I represented the plaintiff consumer in the litigation and trial of the FDCPA case of *Amy Gregory v. Arthur B. Adler & Associates, Ltd*., Case No, 12-cv-7351 (J. Norgle, N.D. IL) where judgment was entered in favor of the plaintiff in that case after a jury trial was held in the United States District Court, Northern District of Illinois, Eastern Division. I filed a motion for attorney fees and costs in that case that was contested, and my previous hourly rate of $400 was granted for work done between 2012 and 2016.

13.      I represented the plaintiff consumer in the litigation of the FDCPA case of *Jane Bishop Lillegard v. Unifund CCR, LLC et al*, Case No, 16-cv-8075 (J. Lee, N.D. IL) where a class action case was settled in the United States District Court, Northern District of Illinois, Eastern Division. I filed a motion for attorney fees and costs in that case that was approved at an hourly rate of $400. (Dkt.#125, 128).

14.      I represented the plaintiff consumer in the litigation and trial of the FDCPA case of *Isaac Paz v. Portfolio Recovery Associates, LLC*, Case No, 14cv9751 (J. Alonso) where judgment was entered in favor of the plaintiff after a jury trial was held in the United States District Court, Northern District of Illinois, Eastern Division. My former hourly rate of $375 was found to

be reasonable in that case for work I performed before November 1, 2015, in a contested petition. (Dkt. # 231, p.18-19).

15.  I represented the plaintiff in a class action suit titled *Ana Cruz v. NCEP, LLC,* Case No. 15-cv-9282 (J. Pallmeyer), where the Court approved my former $400 hourly rate in an FDCPA case. (Dkt. #62, 63 in Case No. 15cv9282).

16.  I represented the plaintiff in an FDCPA case titled *Yasser Elseweifi v. Cedars Financial*, Case No. 16-cv-8684 (N.D. IL), where Judge Blakey approved my former $400 hourly rate (Dkt. #14-16 in Case No. 16-cv-8684).

17.  I represented the plaintiff in an FDCPA class action suit titled *Lill v. Kovitz Shifrin Nesbit*, Case No. 14-cv-2647 (N.D.IL), where Judge Mason approved my former $400 hourly rate in an FDCPA class action case. (Dkt. #138).

18.  Previous to charging and being approved at my previous $400 hourly rate for FDCPA litigation representation, I represented the plaintiff in the case of *Tommy Kasalo v. Trident Asset Management, LLC*, Case No. 12-cv-2900 (J. Kennelly, N.D. IL), filed in the United States District Court, Northern District of Illinois, Eastern Division, where judgment was entered in favor of the Plaintiff. Defendant contested my hourly rate, which it urged should be no higher than $275. (Trident, Dkt.#173, p. 6-7). The Court disagreed, and commented that Defendant had "…essentially pulled it out of the air." The Court instead approved my previous hourly rate of $350 for work from 2012-13 and $375 for work in 2014. *Id*.

19.  I represented the plaintiff in a successful appeal of a dismissal of an FDCPA case in the United States Court of Appeals for the 7th Circuit, titled *Loja v. Main St. Acquisition Corp.*, 906 F.3d 680 (7th Cir. 2018).

20.     I am familiar with the hourly rates charged by attorneys with comparable experience to attorney Mohammed Badwan in this District, for FDCPA litigation in cases like this one.

21.     I am familiar with Mohammed Badwan's work in this case and other FDCPA cases he has filed in this District.

22.     I have reviewed the time and work records of Mohammed Badwan attached to Plaintiff's fee petition above-captioned case, as well as the complaint in the above-captioned case.

23.     Upon reviewing the time and work records, it is my opinion that the requested attorney fees and costs sought therein were reasonable and necessary to litigation in this case.

24.     Upon reviewing the hourly rate sought by Mohammed Badwan, it is my opinion that the rate is reasonable and comparable to the rates charged by consumer attorneys of similar experience in this District for the type of work performed herein.


**Pursuant to 28 U.S.C. § 1746(2), I, Mario Kris Kasalo, hereby declare under penalty of perjury that the foregoing is true and correct.**


Dated: August 13, 2019

By: /s/ Mario Kris Kasalo
Mario Kris Kasalo

# Group Exhibit 1-B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| EDWARD HENRY RENSI, | ) | NO. 15-33948 |
| | ) | |
| Debtor | ) | |
| | ) | Chapter 11 |
| | ) | |
| | ) | Honorable Judge Janet S. Baer |

### NOTICE OF MOTION

TO:   See Attached Certificate of Service

PLEASE TAKE NOTICE that on October 27, 2015, at 9:30 a.m., the undersigned will appear before the Honorable Janet S. Baer, Bankruptcy Judge at 219 S. Dearborn, Room 615, Chicago, Illinois and will then and there present the attached <u>MOTION TO EMPLOY ATTORNEYS AHMAD T. SULAIMAN, MOHAMMED BADWAN, PAUL M. BACH, and PENELOPE N. BACH,</u> at which time you may appear if you so choose.

BY:  /S/ PAUL M. BACH, OF COUNSEL
SULAIMAN LAW GROUP
COUNSEL FOR DEBTOR(S)
900 JORIE BOULEVARD, SUITE 150
OAK BROOK, IL 60523
PHONE: (630) 575-8181
FAX: (630) 575-8188
ATTORNEY NO: 6209530

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| EDWARD HENRY RENSI, | ) | NO. 15-33948 |
| | ) | |
| Debtor | ) | |
| | ) | Chapter 11 |
| | ) | |
| | ) | Honorable Judge Janet S. Baer |

## MOTION TO EMPLOY ATTORNEYS AHMAD T. SULAIMAN, MOHAMMED BADWAN, PAUL M. BACH, AND PENELOPE N. BACH

NOW COMES, the Debtor, Edward Henry Rensi, by and through his attorneys Ahmad Sulaiman, Mohammed Badwan, Paul M. Bach, and Penelope N. Bach of Sulaiman Law Group, Ltd. and pursuant to 11 USC 327 and Federal Rule of Bankruptcy Procedure 2014 moves this Honorable Court for authority to retain counsel for the Debtor/Debtor in Possession, and in support thereof states as follows:

1. The Debtor filed a voluntary Chapter 11 petition on October 5, 2015.

2. Applicant requires the assistance of counsel to represent the Debtor in matters concerning negotiation with creditors, preparation of a plan and disclosures statement, examining and resolving claims filed against the estate, preparation and prosecution of adversary matters, and otherwise to represent Debtor in matters before this Court.  The Debtor is not experienced in Chapter 11 matters and requires the expertise of counsel.

3. It is in the best interest of this estate and its economical administration that Ahmad Sulaiman, Mohammed Badwan, Paul M. Bach, and Penelope N. Bach of Sulaiman Law Group, Ltd.be authorized to act as attorneys for the Debtor effective October 5, 2015.

4.  Each of the attorneys and firms listed above are attorneys at law duly admitted to practice before this Court and other necessary state and federal courts in this area and each has a particular expertise with regard to bankruptcy, corporate reorganization and debtor/creditor matters in cases under the Bankruptcy Code.

5.  The normal billing rate for attorney Ahmad Sulaiman, Mohammed Badwan, Paul M. Bach and Penelope N. Bach at Sulaiman Law Group, Ltd. for this matter is $425.00 per hour. $31,827.00 was paid to retain Ahmad Sulaiman, Mohammed Badwan, Paul M. Bach and Penelope N. Bach at Sulaiman Law Group, Ltd.  $2,720.00 was paid for pre-petition work performed, $1,717.00 was paid for the filing fee and $110.00 was used for due diligence requirements leaving a retainer of $27,280.00.

6.  It is contemplated that each of the attorneys on behalf of Sulaiman Law Group, Ltd will seek compensation based upon normal and usual billing rates.  It is further contemplated that said law firm will seek interim compensation as permitted by 11 USC 330 & 331.

WHEREFORE, the Debtor, Edward Henry Rensi prays that Ahmad Sulaiman, Mohammed Badwan, Paul M. Bach, and Penelope N. Bach of Sulaiman Law Group, Ltd. be authorized to act as attorneys for the Debtors with compensation effective October 5, 2015 for such legal services to be paid as an administrative expense in such amounts as the Court may hereafter determine and allow and for any further relief that this court deems just.

Respectively Submitted
Edward Henry Rensi
By: /s/ Paul M. Bach

Mr. Paul M. Bach, Esq., Of Counsel
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
Phone (630) 575 - 8181
Email: Paul.Bach@Sulaimanlaw.com

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:   15-33948 |
| EDWARD HENRY RENSI | ) | |
| | ) | |
| | ) | Chapter: 11 |
| | ) | Honorable Janet S. Baer |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

## ORDER AUTHORIZING DEBTORS TO EMPLOY ATTORNEYS

THIS CAUSE coming on to be heard on the application of Edward Henry Rensi, Debtor and Debtor-in-Possession, to employ attorneys, due notice having been given, and the Court being advised in the premises;

IT IS HEREBY ORDERED that the Debtor is authorized to employ Ahmad T. Sulaiman, Mohammad Badwan, Paul M. Bach, and Penelope N. Bach as his attorneys in this case, effective October 5, 2015, with compensation for said attorneys to be determined by the Court upon further application.

Enter:

Honorable Janet S. Baer
United States Bankruptcy Judge

Dated:  October 27, 2015

**Prepared by:**

Mrs. Penelope N. Bach, Esq., Of Counsel
Sulaiman Law Group, Ltd.
900 Jorie Boulevard
Suite 150
Oak Brook, Illinois 60523
Phone (630) 575 - 8181
Email: PnBach@Sulaimanlaw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF:** | ) | **CHAPTER 11** |
| | ) | |
| **RICKY L. BOONE** | ) | **JUDGE A. BENJAMIN GOLDGAR** |
| | ) | |
| **Debtor.** | ) | **CASE NO. 13-49125** |

NOTICE OF MOTION

TO: See Attached Service List

PLEASE TAKE NOTICE that on January 22, 2014, at the hour of 9:30 a.m. or as soon thereafter as counsel may be heard, a hearing on the attached <u>MOTION TO EMPLOY ATTORNEYS AHMAD T. SULAIMAN, MOHAMMED BADWAN, PAUL M. BACH AND PENELOPE N. BACH</u> will be heard before the Honorable A. Benjamin Goldgar, Bankruptcy Judge at 219 S. Dearborn, Room 642, Chicago, Illinois, or before any other bankruptcy Judge sitting in his stead.

AT WHICH TIME AND PLACE YOU MAY APPEAR IF YOU SEE FIT.

Mr. Paul M. Bach, Esq., Of Counsel
Sulaiman Law Group, Ltd.
Attorneys At Law
900 Jorie Boulevard
Suite 150
Oak Brook, Illinois 60523
Phone (630) 575 - 8181

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF:** | ) | **CHAPTER 11** |
| | ) | |
| **RICKY L. BOONE** | ) | **JUDGE A. BENJAMIN GOLDGAR** |
| | ) | |
| **Debtor.** | ) | **CASE NO. 13-49125** |

MOTION TO EMPLOY ATTORNEYS AHMAD T. SULAIMAN, MOHAMMED
BADWAN, PAUL M. BACH AND PENELOPE N. BACH

NOW COMES the debtor, RICKY L. BOONE, by and through his attorneys

Ahmad Sulaiman, Mohammed Badwan, Paul M. Bach and Penelope N. Bach of

Sulaiman Law Group, Ltd. and moves this Honorable Court for authority to retain

counsel, and in support thereof states as follows:

1.  The Debtor filed a voluntary Chapter 11 petition on December 29, 2013.

2.  Applicant requires the assistance of counsel to represent the debtor in matters
    concerning negotiation with creditors, preparation of a plan and disclosures
    statement, examining and resolving claims filed against the estate, preparation
    and prosecution of adversary matters, and otherwise to represent Debtor in
    matters before this Court. The debtor is not experienced in Chapter 11 matters
    and requires the expertise of counsel.

3.  It is in the best interest of this estate and its economical administration Ahmad
    Sulaiman, Mohammed Badwan, Paul M. Bach and Penelope N. Bach of
    Sulaiman Law Group, Ltd.be authorized to act as attorneys for the Debtor.

4.  Each of the attorneys and firms listed above are attorneys at law duly admitted
    to practice before this Court and other necessary state and federal courts in

this area and each has a particular expertise with regard to bankruptcy,

corporate reorganization and debtor/creditor matters in cases under the

bankruptcy Code.

5.  The normal billing rate for attorney Ahmad Sulaiman, Mohammed Badwan,

Paul M. Bach and Penelope N. Bach at Sulaiman Law Group, Ltd. for this

matter is $425.00 per hour.  The initial retainer and the court costs for this

case were in the amount of $10,000.00 including the filing fee of $1,213.00.

$2,762.50 was paid for pre-petition work performed leaving a retainer of

$7,237.50.

6.  It is contemplated that each of the attorneys on behalf of Sulaiman Law

Group, Ltd will seek compensation based upon normal and usual billing rates.

It is further contemplated that said law firms will seek interim compensation

as permitted by 11 USC 331.

WHEREFORE the debtor, RICKY L. BOONE prays that Ahmad Sulaiman,

Mohammed Badwan, Paul M. Bach and Penelope N. Bach of Sulaiman Law Group, Ltd.

be authorized to act as attorneys for the Debtor with compensation effective December

29, 2013 for such legal services to be paid as an administrative expense in such amounts

Case 13-49125    Doc 12    Filed 01/03/14    Entered 01/03/14 14:31:09    Desc Main
Document    Page 4 of 4

as the Court may hereafter determine and allow and for any further relief that this court

deems just.

Respectively Submitted,

RICKY L. BOONE

By: /s/ Paul M. Bach

Mr. Paul M. Bach, Esq., Of Counsel
Sulaiman Law Group, Ltd.
900 Jorie Boulevard
Suite 150
Oak Brook, Illinois 60523
Phone (630) 575 - 8181
Email: Paul.Bach@Sulaimanlaw.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:   13-49125 |
| RICKY L. BOONE | ) | |
| | ) | |
| | ) | Chapter: 11 |
| | ) | Honorable A. Benjamin Goldgar |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

**ORDER AUTHORIZING DEBTOR TO EMPLOY ATTORNEYS**

THIS CAUSE coming on to be heard, on the application of RICKY L. BOONE, Debtor and Debtor in Possession, to employ attorneys, due notice having been given and the Court being advised in the premises;

IT IS THEREFORE SO ORDERED that the Debtors are authorized to employ Ahmad T. Sulaiman, Mohammed Badwan, Paul M. Bach and Penelope N. Bach, as their attorneys in this case effective December 29, 2013, with compensation for said attorneys to be determined by the Court upon further application.

Enter:

Dated:    **2 2 JAN 2014**

_____
United States Bankruptcy Judge

**Prepared by:**
Mr. Paul M. Bach, Esq., Of Counsel
Sulaiman Law Group, Ltd.
900 Jorie Boulevard
Suite 150
Oak Brook, Illinois 60523
Phone (630) 575 - 8181
Email: Paul.Bach@Sulaimanlaw.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLIONIS, EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | NO. 15 B 07521 |
| ADA A. GIRON, | ) | |
| | ) | |
| | ) | Chapter 11 |
| Debtors | ) | |
| | ) | |
| | ) | Honorable Judge Donald R. Cassling |
| | ) | |

### NOTICE OF MOTION

TO:   See Attached Certificate of Service

PLEASE TAKE NOTICE that on October 13, 2015, at 10:00 a.m., the undersigned will appear before the Honorable Donald R. Cassling, Bankruptcy Judge at 219 S. Dearborn, Room 619, Chicago, Illinois and will then and there present the attached <u>MOTION TO EMPLOY ATTORNEYS AHMAD T. SULAIMAN, MOHAMMED BADWAN, PAUL M. BACH, and PENELOPE N. BACH</u>, at which time you may appear if you so choose.

BY:  /S/ PENELOPE BACH, OF COUNSEL
SULAIMAN LAW GROUP
COUNSEL FOR DEBTOR(S)
900 JORIE BOULEVARD, SUITE 150
OAK BROOK, IL 60523
PHONE: (630) 575-8181
FAX: (630) 575-8188
ATTORNEY NO: 6284659

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLIONIS, EASTERN DIVISION

| | |
|---|---|
| In Re: ) | NO. 15 B 07521 |
| ) | |
| ADA A. GIRON, ) | |
| ) | |
| ) | Chapter 11 |
| Debtors ) | |
| ) | |
| ) | Honorable Judge Donald R. Cassling |
| ) | |

## MOTION TO EMPLOY ATTORNEYS AHMAD T. SULAIMAN, MOHAMMED BADWAN, PAUL M. BACH, AND PENELOPE N. BACH

NOW COMES, the Debtor, Ada Giron, by and through their attorneys Ahmad Sulaiman, Mohammed Badwan, Paul M. Bach, and Penelope N. Bach of Sulaiman Law Group, Ltd. and pursuant to 11 USC 327 and Federal Rule of Bankruptcy Procedure 2014 moves this Honorable Court for authority to retain counsel for the Debtor/Debtor in Possession, and in support thereof states as follows:

1.  The Debtor filed a voluntary Chapter 11 petition on March 3, 2015.

2.  Applicant requires the assistance of counsel to represent the Debtor in matters concerning negotiation with creditors, preparation of a plan and disclosures statement, examining and resolving claims filed against the estate, preparation and prosecution of adversary matters, and otherwise to represent Debtor in matters before this Court. The Debtor is not experienced in Chapter 11 matters and requires the expertise of counsel.

3.  It is in the best interest of this estate and its economical administration that Ahmad Sulaiman, Mohammed Badwan, Paul M. Bach, and Penelope N. Bach of Sulaiman Law Group, Ltd. be authorized to act as attorneys for the Debtor effective March 3, 2015.

4. Each of the attorneys and firms listed above are attorneys at law duly admitted to practice before this Court and other necessary state and federal courts in this area and each has a particular expertise with regard to bankruptcy, corporate reorganization and debtor/creditor matters in cases under the Bankruptcy Code.

5. The normal billing rate for attorney Ahmad Sulaiman, Mohammed Badwan, Paul M. Bach and Penelope N. Bach at Sulaiman Law Group, Ltd. for this matter is $425.00 per hour. $29,217.00 was paid to retain Ahmad Sulaiman, Mohammed Badwan, Paul M. Bach and Penelope N. Bach at Sulaiman Law Group, Ltd. $6,281.00 was paid for pre-petition work performed from May 2013 up to date of filing, $1,717.00 was paid for the filing fee and $110.00 was used for due diligence requirements leaving a retainer of $21,109.00.

6. It is contemplated that each of the attorneys on behalf of Sulaiman Law Group, Ltd will seek compensation based upon normal and usual billing rates. It is further contemplated that said law firm will seek interim compensation as permitted by 11 USC 330 & 331.

WHEREFORE, the Debtor, Ada Giron prays that Ahmad Sulaiman, Mohammed Badwan, Paul M. Bach, and Penelope N. Bach of Sulaiman Law Group, Ltd. be authorized to act as attorneys for the Debtors with compensation effective March 3, 2015 for such legal services to be paid as an administrative expense in such amounts as the Court may hereafter determine and allow and for any further relief that this court deems just.

Respectively Submitted,

Ada Giron
By: /s/ Penelope N. Bach

Mrs. Penelope N. Bach, Esq., Of Counsel
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
Phone (630) 575 - 8181
Email: PnBach@Sulaimanlaw.com

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
#### Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:  15-07521 |
| ADA GIRON | ) | |
| | ) | |
| | ) | Chapter:  11 |
| | ) | Honorable Donald R. Cassling |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

## ORDER AUTHORIZING DEBTORS TO EMPLOY ATTORNEYS

THIS CAUSE coming on to be heard, on the application of Ada Giron, Debtor and Debtor in Possession, to employ attorneys, due notice having been given and the Court being advised in the premises;

IT IS THEREFORE SO ORDERED that the Debtor is authorized to employ Ahmad T. Sulaiman, Mohammad Badwan, Paul M. Bach, and Penelope N. Bach, as her attorneys in this case effective March 3, 2015, with compensation for said attorneys to be determined by the Court upon further application.

Enter: *Donald R. Cassling*

Honorable Donald R. Cassling
United States Bankruptcy Judge

Dated:  October 13, 2015

**Prepared by:**

Mrs. Penelope N. Bach, Esq., Of Counsel
Sulaiman Law Group, Ltd.
900 Jorie Boulevard
Suite 150
Oak Brook, Illinois 60523
Phone (630) 575 - 8181
Email: PnBach@Sulaimanlaw.com

# Exhibit 1-C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

IWONA PORTALATIN,        )
                        )
          Plaintiff,    )
                        )
    vs.             )        Case No. 14 C 8271
                        )
BLATT, HASENMILLER,     )
LEIBSKER & MOORE, LLC,  )
                        )
         Defendant.  )

## <u>MEMORANDUM OPINION AND ORDER</u>

MATTHEW F. KENNELLY, District Judge:

Iwona Portalatin sued Blatt, Hasenmiller, Leibsker & Moore, LLC, a law firm, and

Midland Funding, LLC, alleging they violated the Fair Debt Collection Practices Act, 15

U.S.C. § 1692i(a). Blatt filed a debt collection suit on Midland's behalf against Portalatin

in the Circuit Court of Cook County's First Municipal District—whose courthouse is in

downtown Chicago—rather than in the court's Fourth Municipal District, in which

Portalatin resided. Portalatin settled with Midland.

The Court entered summary judgment in favor of Portalatin against Blatt on the

issue of liability, overruling Blatt's contention that its violation of the FDCPA was based

on a "bona fide error" due to its reliance on legal precedent. *Portalatin v. Blatt,*

*Hasenmiller, Leibsker & Moore, LLC*, 125 F. Supp. 3d 810 (N.D. Ill. 2015). The Court

declined to stay the case pending the Seventh Circuit's *en banc* consideration of a case

called *Oliva* that also involved Blatt and the same bona fide error issue, so the case

proceeded to a jury trial on damages in November 2015.

At trial, Portalatin sought only statutory damages, asking the jury to award the statutory maximum of $1,000. Blatt argued that the jury should award no damages. The jury awarded Portalatin $200. The Court entered judgment in Portalatin's favor and denied Blatt's post-trial motions in February 2016. *See Portalatin v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 14 C 8271, 2016 WL 693208 (N.D. Ill. Feb. 20, 2016). Blatt filed a notice of appeal in March 2016. The Seventh Circuit stayed the appeal pending resolution of *Oliva*, and this Court similarly stayed the filing of Portalatin's fee petition.

In July of this year, the Seventh Circuit, sitting *en banc*, ruled against Blatt on the bona fide error issue. *Oliva v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 864 F.3d 492 (7th Cir. 2017). This Court then lifted the stay in the present case, and Portalatin has filed a petition for attorney's fees and expenses, which the Court considers in this decision.

## Discussion

There is no question that Portalatin is a prevailing party entitled to a fee award under 15 U.S.C. § 1692k(a)(3). Portalatin won the case. The Court entered summary judgment in her favor against Blatt on the issue of liability, and a jury awarded her statutory damages, albeit less than what she requested.

Attorney's fees under the FDCPA are determined in the same way as under other federal fee-shifting statutes, namely, by multiplying a reasonable hourly rate for the attorney's services by the number of hours reasonably expended. *See Gastineau v. Wright,* 592 F.3d 747, 748 (7th Cir. 2010) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-37 (1983)). "If necessary, [a] district court has the flexibility to adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree

of success obtained, and the public interest advanced by the litigation." *Id.* (internal quotation marks omitted).

Portalatin had three attorneys work on the case during the time it was pending in this Court. The laboring oar was carried by Mohammed Badwan of Sulaiman Law Group, Ltd. Ross Zambon, who is of counsel to Sulaiman Law Group, also performed work on the case. Finally, Nick Wooten, an Arkansas-based attorney, came into the case once it was set for trial and served as lead trial counsel.

Portalatin seeks to recover for 161.5 hours of Badwan's time at a rate of $375 per hour. She seeks to recover for 64.5 hours of Wooten's time at a rate of $550 per hour; Wooten put in another 20 hours on the case for which Portalatin does not seek to recover fees. Finally, Zambon worked 29.4 hours and claims an hourly rate of $425, but Portalatin has exercised "billing judgment," *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 552 (7th Cir. 1999), and does not seek to recover for Zambon's time.

The total award that Portalatin requests is $96,037.50, plus costs of $772.95. Blatt does not object to the requested cost award but argues that the requested attorney's fees are excessive. The Court notes that records produced by Blatt at the Court's direction during the process of briefing the petition reflect that Blatt's counsel billed it for 173.9 hours at rates ranging from $350 per hour to $550 per hour, for a total of $88,078.

## 1. Hourly rates

Portalatin has the burden of persuasion on whether the requested hourly rates are reasonable. *Hensley*, 461 U.S. at 437. The Court begins with the proposed $375 hourly rate for Badwan. Badwan has been practicing law since 2009. He has had fees

3

approved in bankruptcy litigation at a higher rate ($425). Blatt has offered no contrary evidence. The Court also notes that Blatt's counsel billed out at $350 per hour two "junior associates" who appear to have somewhat less practice experience than Badwan. In addition, the Court recently approved a $375 rate in a consumer-law case for an attorney with a similar level of experience, finding that rate to be properly supported with reference to rates commonly charged in this area under similar circumstances. *See Stockman v. Global Credit and Collection Corp.*, No. 14 C 6862, 2015 WL 4999851, at *4 (N.D. Ill. Aug. 21, 2015); *Kasalo v. Trident Asset Mgmt., LLC*, No. 12 C 2900, 2015 WL 2097605, at *3 (N.D. Ill. May 3, 2015). For these reasons, the Court finds that Portalatin has established that Badwan's requested rate of $375 is reasonable.

Wooten has been practicing law since 1997. He seeks an hourly rate of $550. His reasonable rate is appropriately higher than Badwan's given his greater level of practice experience. But Wooten has done next to nothing to support his requested rate. He cites no billed rates for hourly-rate-paying clients and no fee awards in other cases. His only evidence of other specific hourly rates consists of somewhat vague and unsupported references to rates charged by opposing counsel in other cases. This is less than persuasive given (among other things) the absence of supporting detail. To be sure, Wooten's requested rate is the same charged by lead defense counsel David Hartsell for the latter part of this litigation—around the same period when Wooten was involved—and, based on review of information on Hartsell's law firm's website, he appears to have approximately the same amount of practice experience as Wooten. But that is a rather thin reed on which to base an hourly rate. Wooten also cites the so-

called "Laffey Matrix," but its usefulness in determining reasonable market rates—at least for Chicago—is suspect. *See Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 649-51 (7th Cir. 2011). This Court has declined to give it significant weight in other cases, *see, e.g., Wells v. City of Chicago*, 925 F. Supp. 2d 1036, 1040 (N.D. Ill. 2013), and Portalatin has made no effort to explain its usefulness here. With nothing more than this and Wooten's essentially self-serving affidavit supporting his proposed rate, the Court finds that Portalatin has not established that $550 is Wooten's reasonable rate. The Court applies its experience in similar litigation and sets a rate of $425 for Wooten.

## 2. Attorney time

The Sulaiman firm filed about 55 similar suits alleging violation of the FDCPA's requirements for the venue of collection suits, 13 of them against Blatt. Blatt argues that because of the significant legal (and, to some extent, factual) overlap among these cases, the time spent on this one was excessive and represents duplication of effort vis-à-vis the other cases.

Badwan billed 36.8 hours from the outset of the lawsuit through the summary judgment stage. During this period, Badwan drafted and filed the complaint; reviewed Blatt's answer; prepared Rule 26(a)(1) disclosures; drafted written discovery requests; prepared Portalatin for her deposition and attended the deposition; and attended several status and other hearings before the Court. More significantly, Badwan prepared not one, but two summary judgment briefs—because there were cross-motions—as well as Local Rule 56.1 statements. The Court has reviewed his time records and finds the time spent during this period reasonable, except for a reduction of

2.1 hours for time spent in connection with Portalatin's deposition.  Contrary to Blatt's contention, the time Badwan spent preparing the summary judgment briefs and Local Rule 56.1 statements, 11.5 hours, is quite modest and does not reflect overbilling or effective double-billing or duplication for work done in or attributable to other cases.  In sum, the time that Badwan reasonably spent during this period is 34.7 hours.

Badwan spent 86.7 hours preparing for trial and trying the case.  Blatt complains that this is grossly excessive, but it is hard to take that too seriously.  The Court granted summary judgment in Portalatin's favor, a ruling later confirmed by the Seventh Circuit's *en banc* decision in *Oliva*.  There was only one issue left, namely what amount of money Portalatin should recover for Blatt's violation of the FDCPA.  Blatt could have tried to settle at that point, but it expressed no interest in doing so—just as earlier, when it rejected any effort at settlement (as was its right).  Rather, Blatt consistently expressed its intention to fight on.  As the case approached trial, the Court urged Blatt to consider an option under which it would agree to a statutory damage award in some amount and preserve its liability and other issues for appeal.  Blatt flatly rejected this too.  In doing so, Blatt's counsel made the firm's intentions clear:  it hoped to persuade the jury to award no damages and then argue that Portalatin should recover no attorney's fees.  *See* Nov. 19, 2015 Tr. at 3-6.[1]  That strategy, we now know, was unsuccessful, as the jury did in fact make an award of damages.  Blatt also filed a flurry of motions just before trial, to which Portalatin was required to respond.  Fighting for every last inch of ground was certainly Blatt's right, but Blatt cannot viably follow that

---

[1] In this regard, the Court notes that in citing, at the final pretrial conference, another previous case involving this same question regarding a fee award, it incorrectly attributed the case to Hartsell's firm.  *See id.* at 6.  The Court apologizes for the error.

6

course and then successfully that Portalatin should have prosecuted the case more cheaply or rolled over and played dead. *See, e.g., Barrow v. Falck*, 977 F.2d 1100, 1104 (7th Cir. 1992); *see also City of Riverside v. Rivera*, 477 U.S. 561, 581 n.11 (1986) (a defendant "cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response").

The Court also notes that time spent by Badwan preparing for trial—including preparing the final pretrial order and responding to Blatt's eve-of-trial filings—was reasonably comparable to that spent by Blatt. The same is true of the time spent on post-trial motions; Badwan spent less time briefing these than defense counsel did, just as he spent less time preparing the final pretrial order and jury instructions than defense counsel. In sum, the Court finds reasonable the 86.7 hours Badwan spent on trial preparation and trial and the 16.2 hours he spent on the post-trial motions. The Court reduces by one-half, to 5.3 hours, the time requested for status conferences following trial and during the stay period; Badwan billed 2 hours for several of these, which is excessive. The Court also reduces by one-half, to 5.6 hours, the time spent on the fee petition, as the time requested is excessive in light of the legal (as opposed to clerical/compilation) work reasonably done.

In sum, the Court approves 148.5 hours of Badwan's time at $375 per hour, for a total of $55,687.50.

Wooten's time is a different story. The Court finds persuasive Portalatin's contention that it was reasonable to have two lawyers involved as the case neared trial, given the need to respond to motions filed by Blatt around the same time as final preparation for trial was taking place. In addition, Badwan, despite his significant overall

experience level, is not a member of this district's "trial bar," likely due to the fact that virtually all consumer-law cases settle before trial. But the amount of time requested for Wooten is excessive and unreasonable. The only issue for trial was exactly what amount of damages, if any, to award, and this was a relatively simple and straightforward issue, particularly given the statutory cap of $1,000. Under the circumstances, Portalatin has not justified shifting to Blatt the cost of 64.5 hours of Wooten's time. Given the brevity of the trial and the simplicity of the issues, the Court reduces Wooten's requested time by one-half, to 32.25 hours, which represents the time reasonably spent preparing for and conducting the trial. At an hourly rate of $425, the total fee award attributable to Wooten is $13,706.25.

Blatt argues that any fee award should be reduced due to Portalatin's relative lack of success, specifically her recovery of only a portion of the damages she sought. The Court disagrees. It is true that the damages awarded were small, but statutory damages under the FDCPA are capped at $1,000, meaning that even an award at the maximum would have been small. As noted earlier, Blatt was shooting for a zero award, and viewed through that lens Portalatin achieved a reasonable degree of success by persuading the jury to make an award. And damages are not the only issue: Portalatin prevailed as to liability on summary judgment, thereby establishing that Blatt had violated the FDCPA. Finally, and perhaps most importantly, the vindication of public rights like those established by the FDCPA and other consumer-law statutes is not appropriately viewed simply in dollar terms. *See City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986); *Zagorski v. Midwest Billing Servs., Inc.*, 128 F.3d 1164, 1167 (7th Cir. 1997). Litigation of this type serves an important public purpose of

8

cabining unfair activities by debt collectors, a purpose recognized by Congress in the express findings it made when it adopted the FDCPA.[2]  *See* 15 U.S.C. § 1692(a)-(e). The Court declines to reduce Portalatin's fee award based on her purported "limited" success, claimed disproportionality, or otherwise.

## Conclusion

For the reasons stated above, the Court grants plaintiff's petition for attorney's fees and costs [dkt. no. 131] and awards plaintiff attorney's fees in the amount of $69,393.75 ($55,687.50 for Badwan and $13,706.25 for Wooten) and costs in the amount of $772.95.


Date:  October 25, 2017

_____
MATTHEW F. KENNELLY
United States District Judge

---

[2] The Court observes that if the case was as unimportant as Blatt suggests, it might have been well-advised to offer a settlement at an early stage or even before the case went to trial, as the Court suggested.  By way of example, an offer of judgment of $1,000 plus reasonable fees, or even $200 plus reasonable fees, made at or near the outset of the case would have saved Blatt over $80,000 in its own legal fees plus almost the entirety of the award the Court makes here.

# Exhibit 1-D

| Bill Date | Dur/Qty | Bill Code | Description | Staff | Client | Hourly Rate | Total |
|---|---|---|---|---|---|---|---|
| 5/20/2017 | 0.8 | CONTINGENCY | Phone call with client | MRD | Amanda Decker | $275.00 | $220.00 |
| 5/24/2017 | 0.4 | CONTINGENCY | Phone call with client | MRD | Amanda Decker | $275.00 | $110.00 |
| 5/24/2017 | 3.4 | CONTINGENCY | Prepare Complaint | MRD | Amanda Decker | $275.00 | $935.00 |
| 6/30/2017 | 0.1 | CONTINGENCY | Email exchange with Sean Flynn re Stipulation to Extend Time | MRD | Amanda Decker | $275.00 | $27.50 |
| 6/30/2017 | 0.1 | CONTINGENCY | Review Defendant's Motion for Extension of Time | MRD | Amanda Decker | $275.00 | $27.50 |
| 7/1/2017 | 0.8 | CONTINGENCY | Review Defendant's Answer to Complaint | MRD | Amanda Decker | $275.00 | $220.00 |
| 8/1/2017 | 0.1 | CONTINGENCY | Email exchange with Sean Flynn re Joint Status Report | MRD | Amanda Decker | $275.00 | $27.50 |
| 8/1/2017 | 0.3 | CONTINGENCY | Review Joint Status Report | MRD | Amanda Decker | $275.00 | $82.50 |
| 8/3/2017 | 0.4 | CONTINGENCY | Prepare for Initial Status Hearing | MRD | Amanda Decker | $275.00 | $110.00 |
| 8/4/2017 | 2 | CONTINGENCY | Appear for Initial Status Hearing | MRD | Amanda Decker | $275.00 | $550.00 |
| 8/7/2017 | 2.8 | CONTINGENCY | Prepare Discovery Requests to Defendant | MRD | Amanda Decker | $275.00 | $770.00 |
| 8/9/2017 | 0.1 | CONTINGENCY | Email to Sean Flynn with Subpoena to LiveVox | MRD | Amanda Decker | $275.00 | $27.50 |
| 8/15/2017 | 0.1 | CONTINGENCY | Email exchange with Sean Flynn re available dates | MRD | Amanda Decker | $275.00 | $27.50 |
| 8/15/2017 | 0.1 | CONTINGENCY | Email exchange with Sean Flynn re facts of case | MRD | Amanda Decker | $275.00 | $27.50 |
| 8/15/2017 | 0.1 | CONTINGENCY | Email exchange with Sean Flynn re facts of case | MRD | Amanda Decker | $275.00 | $27.50 |
| 8/30/2017 | 0.1 | CONTINGENCY | Review email response re LiveVox counsel re document production | MRD | Amanda Decker | $275.00 | $27.50 |
| 9/5/2017 | 0.1 | CONTINGENCY | Reviewed email from Sean Flynn re discovery requests and notice of deposition | MRD | Amanda Decker | $275.00 | $27.50 |
| 9/19/2017 | 0.1 | CONTINGENCY | Email to Sean Flynn with Plaintiff's demand | MRD | Amanda Decker | $275.00 | $27.50 |
| 9/19/2017 | 0.1 | CONTINGENCY | Email exchange with Sean Flynn re amending of the complaint | MRD | Amanda Decker | $275.00 | $27.50 |
| 9/19/2017 | 0.1 | CONTINGENCY | Email to Sean Flynn re settlement demand | MRD | Amanda Decker | $275.00 | $27.50 |
| 9/19/2017 | 0.1 | CONTINGENCY | Email exchange with Sean Flynn re Notice of Deposition objections | MRD | Amanda Decker | $275.00 | $27.50 |
| 9/20/2017 | 0.1 | CONTINGENCY | Reviewed email from Sean Flynn re discovery responses | MRD | Amanda Decker | $275.00 | $27.50 |
| 9/20/2017 | 0.1 | CONTINGENCY | Email exchange with Sean Flynn re amending of the complaint | MRD | Amanda Decker | $275.00 | $27.50 |
| 9/21/2017 | 1 | CONTINGENCY | Rule 37 Meet and Confer re Deposition Topics | MOB | Amanda Decker | $425.00 | $425.00 |
| 9/21/2017 | 0.1 | CONTINGENCY | Email exchange with Sean Flynn re document production | MRD | Amanda Decker | $275.00 | $27.50 |
| 9/23/2017 | 0.1 | CONTINGENCY | Email exchange with Sean Flynn re proposed protective order | MRD | Amanda Decker | $275.00 | $27.50 |
| 9/25/2017 | 0.1 | CONTINGENCY | Email exchange with Sean Flynn re verification of discovery responses | MRD | Amanda Decker | $275.00 | $27.50 |
| 10/2/2017 | 0.1 | CONTINGENCY | Email exchange with Sean Flynn re extension of time for discovery | MRD | Amanda Decker | $275.00 | $27.50 |
| 10/12/2017 | 0.1 | CONTINGENCY | Review Plaintiff's Verizon Call Records | MRD | Amanda Decker | $275.00 | $27.50 |
| 10/13/2017 | 0.1 | CONTINGENCY | Email exchange with Sean Flynn re initial response to settlement demand | MRD | Amanda Decker | $275.00 | $27.50 |
| 10/16/2017 | 5.8 | CONTINGENCY | Prepare Plaintiff's responses to Defendant's discovery requests; confer with client re: same | MRD | Amanda Decker | $275.00 | $1,595.00 |
| 10/20/2017 | 2 | CONTINGENCY | Appear for Status Hearing | NCV | Amanda Decker | NC | NC |
| 10/20/2017 | 0.1 | CONTINGENCY | Email to Sean Flynn re settlement demand | MRD | Amanda Decker | $275.00 | $27.50 |
| 10/20/2017 | 0.1 | CONTINGENCY | Email exchange with Sean Flynn re 10/20/17 status conference | MRD | Amanda Decker | $275.00 | $27.50 |
| 10/23/2017 | 0.1 | CONTINGENCY | Email exchange with Sean Flynn re demand and document production | MRD | Amanda Decker | $275.00 | $27.50 |
| 11/3/2017 | 0.1 | CONTINGENCY | Email to Sean Flynn re settlement demand | MRD | Amanda Decker | $275.00 | $27.50 |
| 11/14/2017 | 0.1 | CONTINGENCY | Email to Sean Flynn re 30b6 witness availabilty | MRD | Amanda Decker | $275.00 | $27.50 |
| 11/28/2017 | 0.1 | CONTINGENCY | Email to Sean Flynn re LiveVox Subpoena | MRD | Amanda Decker | $275.00 | $27.50 |
| 12/1/2017 | 0.1 | CONTINGENCY | Email exchange with Leslie Handy re Initial Disclosures | MRD | Amanda Decker | $275.00 | $27.50 |
| 12/8/2017 | 0.1 | CONTINGENCY | Email to Sean Flynn re possible dates for deposition | MRD | Amanda Decker | $275.00 | $27.50 |
| 12/14/2017 | 0.1 | CONTINGENCY | Email exchange with Sean Flynn re objections to notice of deposition | MRD | Amanda Decker | $275.00 | $27.50 |
| 12/18/2017 | 0.1 | CONTINGENCY | Email exchange with Sean Flynn re Plaintiff's Deposition | MRD | Amanda Decker | $275.00 | $27.50 |
| 12/19/2017 | 0.4 | CONTINGENCY | Review proposed protective order | MRD | Amanda Decker | $275.00 | $110.00 |
| 12/19/2017 | 0.1 | CONTINGENCY | Reviewed email from Sean Flynn re discovery | MRD | Amanda Decker | $275.00 | $27.50 |
| 12/19/2017 | 0.1 | CONTINGENCY | Email to Sean Flynn re protective order | MRD | Amanda Decker | $275.00 | $27.50 |
| 12/21/2017 | 0.5 | CONTINGENCY | Phone Call with Nate Read re LiveVox subpoena response and availability for deposition | MOB | Amanda Decker | $425.00 | $212.50 |
| 12/26/2017 | 0.1 | CONTINGENCY | Email exchange with Sean Flyyn re Deposition of Plaintiff | MRD | Amanda Decker | $275.00 | $27.50 |
| 1/3/2018 | 0.1 | CONTINGENCY | Email exchange with LiveVox counsel re deposition availabilty | MOB | Amanda Decker | $425.00 | $42.50 |
| 1/4/2018 | 0.1 | CONTINGENCY | Email to Sean Flynn re possible telephonic deposition of Plaintiff | MRD | Amanda Decker | $275.00 | $27.50 |
| 1/5/2018 | 0.1 | CONTINGENCY | Email exchange with Sean Flynn re depositions dates | MRD | Amanda Decker | $275.00 | $27.50 |
| 1/5/2018 | 0.1 | CONTINGENCY | Email exchange with Sean Flynn re Defendant's deposition | MRD | Amanda Decker | $275.00 | $27.50 |
| 1/8/2018 | 0.1 | CONTINGENCY | Email exchange with Sean Flynn re objections to notice of deposition | MRD | Amanda Decker | $275.00 | $27.50 |
| 1/9/2018 | 2 | CONTINGENCY | Review Defendant's Discovery Responses and Send email to OC re meet and confer | MOB | Amanda Decker | $425.00 | $850.00 |
| 1/10/2018 | 0.6 | CONTINGENCY | Prepare for Status Hearing; Motion for Protective Order; Motion to Extend Discovery Deadline | MOB | Amanda Decker | $425.00 | $255.00 |
| 1/10/2018 | 0.1 | CONTINGENCY | Email to Sean Flynn re document production and court reporter for deposition | MRD | Amanda Decker | $275.00 | $27.50 |

| Date | Hours | Type | Description | Initials | Name | Rate | Amount |
|---|---|---|---|---|---|---|---|
| 1/11/2018 | 0.2 | CONTINGENCY | Email to Sean Flynn re merits of case | MOB | Amanda Decker | $425.00 | $85.00 |
| 1/11/2018 | 0.2 | CONTINGENCY | Email to Sean Flynn re RPM deposition and meet and confer availability | MOB | Amanda Decker | $425.00 | $85.00 |
| 1/11/2018 | 2.3 | CONTINGENCY | Appear for Status Hearing; Motion to Extend Discovery; Motion for Protective Order | MOB | Amanda Decker | $425.00 | $977.50 |
| 1/11/2018 | 0.1 | CONTINGENCY | Email exchange with Sean Flynn re Deposition of Plaintiff | MRD | Amanda Decker | $275.00 | $27.50 |
| 1/23/2018 | 0.1 | CONTINGENCY | Email exhange with Sean Flynn re Defendant's deposition | MRD | Amanda Decker | $275.00 | $27.50 |
| 1/25/2018 | 0.1 | CONTINGENCY | Email exchange with Sean Flynn re Plaintiff's Deposition | MOB | Amanda Decker | $425.00 | $42.50 |
| 1/25/2018 | 0.1 | CONTINGENCY | Email to Sean Flynn re Plaintiff's Deposition | MRD | Amanda Decker | $275.00 | $27.50 |
| 1/29/2018 | 0.1 | CONTINGENCY | Email exchange with Sean Flynn re available dates for corporate deposition and experts | MRD | Amanda Decker | $275.00 | $27.50 |
| 2/2/2018 | 0.6 | CONTINGENCY | Prepare Contested Status Report on Expert Discovery and Dispositive Motions | MOB | Amanda Decker | $425.00 | $255.00 |
| 2/2/2018 | 0.3 | CONTINGENCY | Meet and Confer with Sean Flynn re Expert Discovery and Dispositive Motions | MOB | Amanda Decker | $425.00 | $127.50 |
| 2/5/2018 | 0.1 | CONTINGENCY | Email to Sean Flynn with Seconded Amended Notice of Deposition | MRD | Amanda Decker | $275.00 | $27.50 |
| 2/6/2018 | 3 | CONTINGENCY | Appear for Plaintiff's Deposition | MRD | Amanda Decker | $275.00 | $825.00 |
| 2/6/2018 | 1.5 | CONTINGENCY | Review LiveVox Production and Prepare Email to its Counsel re Deposition Alternatives | MOB | Amanda Decker | $425.00 | $637.50 |
| 2/6/2018 | 0.1 | CONTINGENCY | Email exchange with Sean Flynn re Deposition of RPM | MOB | Amanda Decker | $425.00 | $42.50 |
| 2/8/2018 | 0.3 | CONTINGENCY | Phone call with Nate Read re LiveVox deposition | MOB | Amanda Decker | $425.00 | $127.50 |
| 2/8/2018 | 0.2 | CONTINGENCY | Review email response from LiveVox counsel re declaration needed to avoid deposition | MOB | Amanda Decker | $425.00 | $85.00 |
| 2/9/2018 | 0.1 | CONTINGENCY | Email exchange with Sean Flynn re objections to notice of deposition | MRD | Amanda Decker | $275.00 | $27.50 |
| 2/13/2018 | 6.9 | CONTINGENCY | Prepare for RPM Deposition | MOB | Amanda Decker | $425.00 | $2,932.50 |
| 2/14/2018 | 2.1 | CONTINGENCY | Prepare for RPM Deposition | MOB | Amanda Decker | $425.00 | $892.50 |
| 2/14/2018 | 2.8 | CONTINGENCY | Appear for RPM Deposition | MOB | Amanda Decker | $425.00 | $1,190.00 |
| 2/14/2018 | 0.1 | CONTINGENCY | Email exchange with Nathaniel P.T. Read re depositions | MRD | Amanda Decker | $275.00 | $27.50 |
| 2/15/2018 | 3 | CONTINGENCY | Prepare Motion to Extend Discovery and Compel | MOB | Amanda Decker | $425.00 | $1,275.00 |
| 2/15/2018 | 0.2 | CONTINGENCY | Email to Daniel Mckenna re LiveVox Dep in O'Connor | MOB | Amanda Decker | $425.00 | $85.00 |
| 2/16/2018 | 5.8 | CONTINGENCY | Prepare Motion to Compel and Extend Discovery | MOB | Amanda Decker | $425.00 | $2,465.00 |
| 2/20/2018 | 0.2 | CONTINGENCY | Email to Sean Flynn re rescheduling 2.22.18 hearing per defense counsel | MOB | Amanda Decker | $425.00 | $85.00 |
| 3/6/2018 | 0.4 | CONTINGENCY | Review and analyze Defendant's response to Motion to Compel | MOB | Amanda Decker | $425.00 | $170.00 |
| 3/12/2018 | 0.2 | CONTINGENCY | Review court's Order on Motion to Compel | MOB | Amanda Decker | $425.00 | $85.00 |
| 3/14/2018 | 0.2 | CONTINGENCY | Review Court's 3.10.18 Order and prepare emial to SEan Flynn re available dates | MOB | Amanda Decker | $425.00 | $85.00 |
| 3/15/2018 | 0.3 | CONTINGENCY | Phone call with Sean Flynn re RPM Deposition and Potential Settlement | MOB | Amanda Decker | $425.00 | $127.50 |
| 3/22/2018 | 0.3 | CONTINGENCY | Email exchange with LiveVox counsel re declaration | MOB | Amanda Decker | $425.00 | $127.50 |
| 3/28/2018 | 0.5 | CONTINGENCY | Phone call with Randall Snyder | MOB | Amanda Decker | $425.00 | $212.50 |
| 3/28/2018 | 0.3 | CONTINGENCY | Email exchange with Randall Snyder re expert report due 4.16.18 | MOB | Amanda Decker | $425.00 | $127.50 |
| 4/3/2018 | 2 | CONTINGENCY | Prepare Motion to Compel and Email to Sean Flynn | MOB | Amanda Decker | $425.00 | $850.00 |
| 4/4/2018 | 0.2 | CONTINGENCY | Email to Sean Flynn re expert discovery deadlines and RPM availability for deposition | MOB | Amanda Decker | $425.00 | $85.00 |
| 4/6/2018 | 0.2 | CONTINGENCY | Reviewed email from Sean Flynn re expert discovery deadlines and RPM's continued deposition | MOB | Amanda Decker | $425.00 | $85.00 |
| 4/9/2018 | 1.4 | CONTINGENCY | Prepare Motion to Vacate Expert Discovery Deadlines and Circulate to Defense Counsel | MOB | Amanda Decker | $425.00 | $595.00 |
| 4/9/2018 | 0.1 | CONTINGENCY | Email to Sean Flynn re document production | MRD | Amanda Decker | $275.00 | $27.50 |
| 4/10/2018 | 0.4 | CONTINGENCY | Revise Unopposed Motion to Vacate Discovery Deadlines after Conferring with Sean Flynn | MOB | Amanda Decker | $425.00 | $170.00 |
| 5/2/2018 | 1.8 | CONTINGENCY | Review and analyze Defendant's Motion for Summary Judgment | MOB | Amanda Decker | $425.00 | $765.00 |
| 5/9/2018 | 1.4 | CONTINGENCY | Prepare for Status Hearing and Review Defendant's MSJ | MOB | Amanda Decker | $425.00 | $595.00 |
| 5/24/2018 | 4.6 | CONTINGENCY | Prepare for RPM Continued Deposition | MOB | Amanda Decker | $425.00 | $1,955.00 |
| 5/25/2018 | 5.1 | CONTINGENCY | Appear and Take RPM's Deposition | MOB | Amanda Decker | $425.00 | $2,167.50 |
| 7/11/2018 | 6.4 | CONTINGENCY | Prepare Response to Defendant's Statement of Material Facts | MOB | Amanda Decker | $425.00 | $2,720.00 |
| 7/12/2018 | 7.3 | CONTINGENCY | Prepare Response to Statement of Material Facts | MOB | Amanda Decker | $425.00 | $3,102.50 |
| 7/13/2018 | 8.1 | CONTINGENCY | Prepare Response to Motion for Summary Judgment | MOB | Amanda Decker | $425.00 | $3,442.50 |
| 7/16/2018 | 7.8 | CONTINGENCY | Prepare Response to Motion for Summary Judgment | MOB | Amanda Decker | $425.00 | $3,315.00 |
| 7/30/2018 | 0.7 | CONTINGENCY | Review and analyze Defendant's Reply in Support of Motion for Summary Judgment | MOB | Amanda Decker | $425.00 | $297.50 |
| 3/25/2019 | 0.3 | CONTINGENCY | Phone call with defense counsel re trial date and interest in settlement | MOB | Amanda Decker | $425.00 | $127.50 |
| 3/26/2019 | 2 | CONTINGENCY | Appear for Status Hearing | MOB | Amanda Decker | $425.00 | $850.00 |
| 4/3/2019 | 1 | CONTINGENCY | Prepare settlement demand to defendant | MOB | Amanda Decker | $425.00 | $425.00 |
| 4/3/2019 | 0.4 | CONTINGENCY | Phone call with client re settlement | MOB | Amanda Decker | $425.00 | $170.00 |
| 4/3/2019 | 0.1 | CONTINGENCY | Email exchange with Sean Flynn re Plaintiff's Demand | MOB | Amanda Decker | $425.00 | $42.50 |
| 5/14/2019 | 2 | CONTINGENCY | Appear for Status Hearing | MOB | Amanda Decker | $425.00 | $850.00 |
| 6/14/2019 | 1.6 | CONTINGENCY | Prepared Timesheet and Submit to Sean Flynn (settlement efforts) | MOB | Amanda Decker | $425.00 | $680.00 |
| 7/12/2019 | 0.5 | CONTINGENCY | Phone call with Sean Flynn re: validity of the acceptance of the offer of judgment | MOB | Amanda Decker | $425.00 | $212.50 |

| Date | Hours | Type | Description | | Attorney | Rate | Total |
|---|---|---|---|---|---|---|---|
| 7/12/2019 | 0.3 | CONTINGENCY | Prepare email to Sean Flynn re: validity of the acceptance of the offer of judgment | MOB | Amanda Decker | $425.00 | $127.50 |
| 7/12/2019 | 1.3 | CONTINGENCY | Case law research on offers of judgment and proper acceptance | MOB | Amanda Decker | $425.00 | $552.50 |
| 7/16/2019 | 0.9 | CONTINGENCY | Prepare Notice of Acceptance and Related Document for Filing | MOB | Amanda Decker | $425.00 | $382.50 |
| 7/16/2019 | 3.3 | CONTINGENCY | Prepare Motion for Entry of Judgment (after defendant challenged the validity of the acceptance of judgment) | MOB | Amanda Decker | $425.00 | $1,402.50 |
| 7/23/2019 | 0.4 | CONTINGENCY | Review Defendant's proposed judgment order | MOB | Amanda Decker | $425.00 | $170.00 |
| 7/23/2019 | 0.6 | CONTINGENCY | Prepare Plaintiff's proposed judgment order (Plaintiff's version) | MOB | Amanda Decker | $425.00 | $255.00 |
| 7/23/2019 | 0.1 | CONTINGENCY | Email to Sean Flynn re: proposed judgment order | MOB | Amanda Decker | $425.00 | $42.50 |
| 8/2/2019 | 0.1 | CONTINGENCY | Email to Sean Flynn re: meet and confer pertaining to Local Rule 54.3 (fee petitions) | MOB | Amanda Decker | $425.00 | $42.50 |
| 8/6/2018 | 0.5 | CONTINGENCY | Conference call with Sean Flynn re: deadlines prescribed by Local Rule 54.3 | MOB | Amanda Decker | $425.00 | $212.50 |
| 8/7/2019 | 0.3 | CONTINGENCY | Email exchange with Sean Flynn re: agreed deadlines pertaining to Local Rule 54.3 | MOB | Amanda Decker | $425.00 | $127.50 |
| 8/12/2019 | 1.8 | CONTINGENCY | Prepare time records submission pursuant to Local Rule 54.3 | MOB | Amanda Decker | $425.00 | $765.00 |
| 8/15/2019 | 0.3 | CONTINGENCY | Cursory review of Defendant's billing records | MOB | Amanda Decker | $425.00 | $127.50 |
| 8/15/2019 | 0.1 | CONTINGENCY | Email to defense counsel re: deficiency in production of billing records | MOB | Amanda Decker | $425.00 | $42.50 |
| 8/20/2019 | 0.3 | CONTINGENCY | Phone call with Sean Flynn re: fee petitions and prospect of settlement | MOB | Amanda Decker | $425.00 | $127.50 |
| 8/21/2019 | 0.2 | CONTINGENCY | Email to Sean Flynn re: outstanding insurance policy | MOB | Amanda Decker | $425.00 | $85.00 |
| 9/4/2019 | 1.2 | CONTINGENCY | Case law research on ICFA attorney's fees to prevailing party | MOB | Amanda Decker | $425.00 | $510.00 |
| 9/4/2019 | 1.8 | CONTINGENCY | Prepare Ccorrespondence to Defense Counsel re: Opposition to Defendant's Fee Petition | MOB | Amanda Decker | $425.00 | $765.00 |
| 9/4/2019 | 0.5 | CONTINGENCY | Review Defendant's LR 54.3d(5) production | MOB | Amanda Decker | $425.00 | $212.50 |
| 9/4/2019 | 0.2 | CONTINGENCY | Phone call with Sean Flynn re: LR 54.3d(5) exchange | MOB | Amanda Decker | $425.00 | $85.00 |
| 9/20/2019 | 1.2 | CONTINGENCY | Research case law on Rule 54 costs when both parties prevailed on some counts | MOB | Amanda Decker | $425.00 | $510.00 |
| 9/25/2019 | 0.1 | CONTINGENCY | Email to defense counsel re: settlement | MOB | Amanda Decker | $425.00 | $42.50 |
| 9/27/2019 | 0.2 | CONTINGENCY | Phone call with Sean Flynn re: settlement and fee petition deadlines | MOB | Amanda Decker | $425.00 | $85.00 |
| 9/30/2019 | 5.3 | CONTINGENCY | Prepare Response to Defendant's Bill of Costs | MOB | Amanda Decker | $425.00 | $2,252.50 |
| 10/10/2019 | 0.2 | CONTINGENCY | Review Local Rule 54.3(e) re: joint statement | MOB | Amanda Decker | $425.00 | $85.00 |
| 10/10/2019 | 2.3 | CONTINGENCY | Prepare Draft of Local Rule 54.3 Joint Statement | MOB | Amanda Decker | $425.00 | $977.50 |
| | **138.8** | | | | | | **$54,420.00** |

**Attorney Breakdown**

| Attorney | Hours | Fees |
|---|---|---|
| Mohammed Badwan (MOB) | 112 | $47,600.00 |
| Marwan Daher (MRD) | 24.8 | $6,820.00 |
| Nathan Volheim (NCV) | NC | NC |
| **Total** | **136.8** | **$54,420.00** |

**Expenses**

| Date | Description | Cost |
|---|---|---|
| 5/31/2017 | Filing Fee | $400.00 |
| 6/11/2017 | Service of Summons | $49.00 |
| 2/23/2018 | Ecoscribe Transcript | $1,203.46 |
| 7/4/2018 | Ecoscribe Transcript | $1,328.00 |
| 8/29/2018 | Veritext Transcript | $751.15 |
| | | **$3,731.61** |