# Exhibit 3

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMANDA DECKER,<br><br>    Plaintiff,<br><br>v.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT, LLC,<br><br>    Defendant. | Case No: 1:17-cv-04152<br><br>Honorable Judge Manish S. Shah |

**LOCAL RULE 54.3(e) JOINT STATEMENT**

Pursuant to Local Rule 54.3(e), the Parties submit the following joint statement.

**A. Total Amount of Fees and Nontaxable Expenses Claimed by Each Party.**

Each party is seeking its attorney's fees and cost related to this litigation.

**1. Total Amount of Fees and Nontaxable Expenses Claimed by Plaintiff.[1]**

Plaintiff is seeking her attorney's fees based on the lodestar method as follows:[2]

| Attorney | Claimed Hours | Claimed Rates | Total |
|---|---|---|---|
| Mohammed O. Badwan | 112.0 | $425.00 | $47,600.00 |
| Marwan R. Daher | 24.8 | $275.00 | $6,820.00 |
| **Total** | **136.8** | | **$54,420.00** |

---

[1] Both Parties' attorney's fees continue to accrue. Both Parties intend on filing a supplemental fee statement after completion of the briefing on the respective fee petitions.
[2] Plaintiff is not seeking to recover her taxable expenses of $3,731.61. It is Defendant's position this is because Plaintiff failed to timely file her Bill of Costs in this matter, and is not some altruistic behavior offered in an attempt to demonstrate reasonable behavior in the pursuit of this Litigation.

1

**2.     Total Amount of Fees and Nontaxable Expenses Deemed Appropriate by Defendant.**

Plaintiff Counsel's statement of fees spreadsheet clearly discloses that their fee arrangement with Plaintiff was a contingency fee arrangement. (*See gen.*, Defendant's Opposition.) Defendant did not know that Plaintiff's fee arrangement with her counsel was a contingency arrangement at the time of the Offer of Judgment in this case, but presumably, Plaintiff and her Counsel did. Following the lodestar method, which Plaintiff's Counsel states they are employing for their requested fees, an extremely relevant piece of information is the fee arrangement between a plaintiff and their counsel.

Here, through Discovery Defendant requested that Plaintiff provide a copy of the fee agreement in this case since Plaintiff's Complaint stated she was claiming attorneys' if she prevailed in this case. Plaintiff refused to produce her fee agreement. (*See gen.*, Defendant's Opposition.) Whether the contingency amount is 50%, 25%, or something in between is unknown to Defendant. What Defendant knows at this time is that Plaintiff's settlement demands, as will be detailed in more depth in the Opposition to Plaintiff's Motion for Attorneys Fees, were guided by this contingency arrangement. Therefore, as stated above, presumably Plaintiff and her Counsel were aware at the time of Defendant's Offer of Judgment that their fee arrangement was a contingent one, and even in light of this decided to accept the Offer of Judgment. Therefore, Plaintiff Counsel's should be limited to recovering whatever the contingency fee amount is from Plaintiff's recovery.

Alternatively, under the lodestar method, Plaintiff Counsel's requested fees should be adjusted downward because: 1) Plaintiff's Counsel pursued the TCPA and ICFA claims in bad faith; 2) Plaintiff's Counsel pursued the TCPA and ICFA claims in vexatiously; 3) Defendant prevailed on 75% of the claims in the case; 4) Plaintiff's Counsel engaged in bad faith settlement discussions from the very outset of the case in an effort force an exorbitant fee request or force an early unjustifiable windfall settlement; 5) Plaintiff still has failed to establish Article III standing; 6) the recovery obtained was far short of the damages claimed in light of these settlement demands;

7) the hourly rate requested is unreasonable; 8) the amount of work done on specific tasks is unreasonable; 9) certain of the time entries lack evidentiary support that the work was done as represented; and 10) Defendant currently lacks the financial ability to pay the amount of fees Plaintiff's Counsel is requesting.

## B. Total Amount of Fees and Nontaxable Expenses Claimed by Defendant.

Defendant will be seeking its fees and costs pursuant to: 1) the ICFA as the prevailing party; and 2) 28 U.S.C. § 1927. Defendant is seeking its attorney's fees and costs based on the actually billed and paid hourly rates times the time actually spent defending this case:

| Attorney Name | Claimed Hours | Claimed Rates | Total |
|---|---|---|---|
| Partners | 98.9 | $250 | $24,725 |
| Associates | 78.8 | $200 | $15,760 |
| Paralegals | 7.3 | $135 | $985.50 |
| **Total** | 185 | | $41,470.5 |
| Costs | | | $196.80 |
| **Grand Total** | | | **$41,667.30** |

### 1. Total Amount of Fees and Nontaxable Expenses Deemed Appropriate by Plaintiff

Plaintiff contends that Defendant is not entitled to any attorney's fees or costs because the claims that Defendant prevailed on are either (1) not fee shifting statutes or (2) do not allow such recovery under the applicable circumstances. Specifically, the FDCPA and TCPA do not entitle a prevailing defendant to its attorney's fees and costs. *See* 15 U.S.C. §1692 and 47 U.S.C. §227. With respect to ICFA, a court has discretion to award a prevailing defendant its fees and costs. *See* 815 ILCS 505/10(a)(c). However, a court may only award a prevailing defendant its fees and costs in very limited circumstances under ICFA. Specifically, the Illinois Supreme Court has held that a prevailing defendant must establish that plaintiff acted in bad faith in order to recover attorney's

3

fees under ICFA. *Krautsack v. Anderson*, 223 Ill. 2d 541, 647 (2006). In *Krautack*, the Illinois Supreme Court cautioned that courts should not award attorney's fees to a prevailing defendant under ICFA absent bad faith because awarding such fees "would discourage consumer fraud plaintiffs from pursuing their statutory rights, frustrating the legislature's intent when it adopted the Act." *Id*. Here, Defendant will not be able to establish that Plaintiff brought the ICFA claim in bad faith because there is no evidence to support such conclusion. Specifically, there is no indicia of bad faith such as material misrepresentations or otherwise improper conduct. The voluntary dismissal of the ICFA claim standing alone is simply insufficient to demonstrate bad faith under ICFA. Moreover, as the Illinois Supreme Court cautioned, awarding Defendant its attorney's fees and costs under the present circumstances would have a chilling effect and fly in the face of the spirit and purpose of ICFA.

With respect to Defendant's request for sanctions pursuant to 28 U.S.C. §1927, Plaintiff contends that there is no factual or legal basis for such relief. Simply put, the record demonstrates that Plaintiff's counsel pursued all claims in good faith and there was no evidence to demonstrate that Plaintiff's counsel multiplied the proceedings unreasonably and vexatiously. Plaintiff's dismissal of her TCPA and ICFA claims at summary judgment, standing alone, is not indicia of any bad faith, and if anything demonstrates that Plaintiff condensed the proceedings as opposed to multiplying them.

### 3. Disputes Remaining Between the Parties

The Parties are in complete dispute. Each party contends that the other is not entitled to any award of attorney's fees and costs.

### 4. Parties' Statement Disclosure

(A) **Plaintiff's Position on Basis for Fees:** Plaintiff is seeking her attorney's fees and costs based on the judgment in her favor with respect to her §1692d claim under the FDCPA. Specifically, Plaintiff accepted a Rule 68 offer of judgment tendered by Defendant in the amount

of $2,501. [Dkt. 48]. The offer of judgment expressly stated that Defendant is "allowing judgment to be taken against it in this action in the amount of $2,501 in damages, **plus reasonable Attorney Fees and Costs as agreed to by the Parties in this Action, or as determined by the Court**." [Dkt. 48] (emphasis added). The accepted offer of judgment was incorporated into the judgment entered by the Court on July 24, 2019. [Dkt. 50-51]. Plaintiff is seeking her attorney's fees and costs as the prevailing party pursuant to §1692k(a)(3) of the FDCPA and the accepted offer of judgment. *See Schlacher v. Law Offices of Phillip J. Rotche & Assoc., P.C.*, 574 F.3d 852, 856 (7th Cir. 2009) (A plaintiff who prevails under the FDCPA is entitled to an award of reasonable attorneys' fees and costs); *see also* the accepted Offer of Judgment [Dkt. 48].

(B) **Defendant's Position on Basis for Fees and Costs:** Defendant is seeking its attorney's fees and costs based on the Court's Order stating Defendant was the prevailing party as to Claims I, III, and II; relative to the 15 U.S.C. § 1692g allegations. (Dkt. 42, p. 6.) The Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. Ann. 505/10a(c), in that the claim was "adjudicated on the merits" and there are allegations contained therein that Plaintiff and/or Plaintiff's Counsel knew or should have known were demonstrably false. Importantly, there is no language in the Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. Ann. 505/10a(c) that requires a showing of the claim being brought in Bad Faith in the first instance (*Mach v. Will Cty. Sheriff*, 580 F.3d 495, 501 (7th Cir. 2009); see also, *Fidlar Technologies v. LPS Real Estate Data Solutions, Inc.*, No. 4:13-cv-4021-SLD-JEH, 2016 U.S. Dist. LEXIS 121056, * 10 (C.D. Ill. Sep. 8, 2016); such as the case with the FDCPA. (*Compare*, 815 Ill. Comp. Stat. Ann. 505/10a(c), with 15 U.S.C. § 1692k(c).)

Indeed, Plaintiff's reliance on *Krautsack v. Anderson*, 223 Ill. 2d 541, 647 (2006), will not be persuasive as from the very outset of the case, Defendant provided case authority to Plaintiff's Counsel prior to any responsive pleading by Defendant that held the very telephone system at issue in this *was not* in violation of the TCPA; yet Plaintiff's Counsel pursued the claim and tried to settle this case based off of the TCPA claim all the way up to the point when Summary Judgment was going to be entered against them. Finally, on 28 U.S.C. § 1927 in the that Plaintiff's Counsel

5

knew, or should have known, that the TCPA and ICFA claims were meritless and therefore unreasonably and vexatiously increased the costs of litigation for their own potential financial gain and harassment of Defendant.

    (C)    **Plaintiff's Position on Prospective Appeal:** Plaintiff does not intend to appeal the judgment entered by the Court.

    (D)    **Defendant's Position on Prospective Appeal:** Defendant has not ruled out the possibility of an Appeal after a Final Judgment is entered. As the Court ruled, the dismissal of Counts I and III, with prejudice, operates as an adjudication on the merits and therefore Defendant is the prevailing party who should enjoy the normal benefits of a final judgment in its favor. (Dkt. 42, p. 6.) The only claim the Court did not grant summary judgment on was the § 1692d claim for causing a telephone to ring with the intent to annoy, abuse, or harass. But, these same allegations were asserted in Claim III (Dkt. 1, ¶¶ 59-69), which was adjudicated in Defendant's favor on the merits. (Dkt. 42, p. 6.) Thus, these two rulings cannot co-exist.